FANNIE MAE CASE, Plaintiff in Error, v. HANOVER FIRE INSURANCE CO., Defendant in Error.

FANNIE MAE CASE, Plaintiff in Error, v. NEW YORK UNDERWRITERS INSURANCE CO., Defendant in Error. —359 S. W. (2d) 831.

Western Section at Jackson. May 29, 1962.

Certiorari Denied by Supreme Court September 7, 1962.

Hughie Ragan, Jackson, for plaintiff in error.

E. J. Nunn, Jackson, for defendants in error.

BEJACH, J. This cause involves an appeal in error by Miss Fannie Mae Case, or Mrs. Fannie Mae Case Robertson, as she is sometimes called, from judgments of the Circuit Court of Madison County sustaining pleas in abatement and dismissing suits which had been filed against the Hanover Fire Insurance Co. and the New York Underwriters Insurance Co. Separate suits were filed against each of said companies, and the pleadings in each case are separate; but, by agreement, both cases were tried together, and the two cases are before this

court on one bill of exceptions. For convenience, the parties will be referred to, as in the lower court, as plaintiff and defendants, or called by their respective names.

The issue involved on the pleas in abatement of the two defendant insurance companies was tried to a jury. That issue is whether or not plaintiff's suits against defendants were prematurely brought, because of failure to comply with provisions in the two insurance policies, which provide for arbitration if the insuror and the insured are unable to agree as to the amount of the loss, and which provide further that no suit nor action shall be brought unless the provisions for arbitration have been complied with. Each of the insurance policies sued on in these causes contains the following provisions:

"In case the insured and this company shall fail to agree as to the actual cash value of the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of the court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two of them filed with this company shall determine the amount of actual cash value and loss.

\*     \*     \*     \*     \*     \*

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The fire insurance policies involved in this cause were issued to the plaintiff by the two defendants in July 1956; and it is undisputed that plaintiff suffered a fire loss on the property insured on December 19, 1958, while both policies were still in effect. The policies involved were written in favor of plaintiff and for and on behalf of each of the respective defendants by their agent, Caldwell and Hicks, Jackson, Tennessee, and the fire loss was promptly reported to Mrs. Elizabeth Dollahite, an employee of that agency. The fire loss involved was then assigned by Caldwell and Hicks Agency to Mr. J. G. Wilder, an employee of the General Adjustment Bureau, for investigation and adjustment. This assignment was made on December 20, 1958. Mr. Wilder began his investigation promptly, but was unable to reach an agreement with plaintiff as to the amount of damage sustained by her.

Under date of March 17, 1959, Mr. Wilder undertook to send to Mrs. Fannie Mae Case Robertson, by registered mail with return receipt requested, a letter demanding arbitration under the terms of the policies involved. Said letter announced the appointment of Mr. Michael Glynn, Jr., 249 Deadrick Ave., Jackson, Tennessee, as a competent and disinterested appraiser for and on behalf of the insurance companies. This letter was signed, "Hanover Insurance Company, and New York Underwriters

Insurance Company by General Adjustment Bureau, Inc., Adjusting Representatives per J. G. Wilder, Adjuster''. The envelope containing said registered letter was returned unopened with the notation thereon, ''Refused''. Mr. C. A. Fesmire, an employee of the U. S. Postal Service in Jackson, Tennessee, testified that he attempted to deliver this registered letter, but that Miss Case, or Mrs. Robertson, who are one and the same person, refused to accept same. She denied any knowledge of the letter, and testified positively that Mr. Fesmire did not make any effort to deliver it to her. The letter, itself, and the envelope in which it was mailed, are in the record; and, in view of the jury's verdict, we must accept as true the defendants' version.

Thereafter, on April 6, 1959, Mr. J. G. Wilder, accompanied by Mr. R. M. (Dick) Kirby, went in person to the office of Mrs. Fannie Mae Case Robertson in Jackson, Tennessee, with two separate letters of that date, written for and on behalf of the N. Y. Underwriters Insurance Co. and Hanover Fire Insurance Co. by General Adjustment Bureau, Inc., Adjusting Representatives, per J. G. Wilder, Adjuster, for the purpose of personally delivering said letters to plaintiff. According to the testimony of both Mr. Wilder and Mr. Kirby, after some conversation with plaintiff on the subject, these letters were left on the table before plaintiff. Said letters reiterate the demand for arbitration, and reiterate the appointment of Michael Glynn, Jr. as arbitrator for the insurance companies. Plaintiff denied receipt of these letters; but, again, in view of the jury's verdict, we must consider that delivery was made. Plaintiff's conduct seems to have been extremely contumacious.

On October 3, 1959, suits were filed by plaintiff against each of the defendants, and on February 18, 1961, declarations were filed in each of plaintiff's suits. Each defendant filed a plea in abatement based on the provisions of the policies quoted above. To each of said pleas in abatement, plaintiff filed a replication which joins issue on the allegations of the plea in abatement, with especial reference therein made to paragraphs 2 of said pleas which allege that Fannie Mae Case had been advised in writing on April 6, 1959 as to the inability to agree on the amount of loss, and demanded an appraisal of the actual cash value of the alleged loss and damage to the buildings described in the policy, together with notice that Michael Glynn, Jr. had been named as a competent and disinterested appraiser for and on behalf of each of said defendants, and demanding that she likewise name a competent and disinterested appraiser.

As stated above, the two cases were by agreement tried together. At the trial, plaintiff moved for a directed verdict in her favor, which motion was overruled by the court, and the jury returned a verdict in favor of the defendants. The jury's verdict was approved by the trial judge, and judgment entered in favor of defendants dismissing plaintiff's suits. After plaintiff's motion for new trial had been overruled, she prayed and perfected her appeal in the nature of a writ of error to this court.

In this court, as plaintiff in error, plaintiff has filed six assignments of error which present for adjudication the following contentions:

1. That the court erred in refusing to direct a verdict in favor of plaintiff.

2. That the court erred in permitting defendants to offer in evidence letters written by their respective officials to the adjuster in charge of the fire loss here involved, and instructing the adjuster to demand an appraisal of plaintiff's alleged fire loss as provided for in the policies.

3. That the court erred in overruling plaintiff's motions for a new trial in each of these cases.

4. That the court erred in his charge to the jury by failing to explain to the jury what evidence would be required to make a person a competent and disinterested appraiser.

5. That the court erred in charging the jury in substance that if the jury should find that the defendants had made demand on plaintiff for an appraisal, that the jury should find the issues joined in favor of the defendants.

6. That the court erred in stating to the jurors, as follows:

"Now, jurors, those are the questions involved in these two pleas in abatement: whether or not the companies have made the demand and whether that demand was delivered to Mrs. Fannie Mae Case Robertson."

Under Assignments I and III, plaintiff contends that a directed verdict should have been granted in her favor because the notice demanding arbitration was a joint notice of the two insurance companies, which is not a compliance with the terms of the respective policies; and, also, because the defendants offered no proof that Michael Glynn, Jr., the arbitrator named by defendants, is a competent and disinterested appraiser.

■ The case of Insurance Co. v. Morton-Scott-Robertson Co., 106 Tenn. 558, 576-577, 61 S. W. 787, is cited for the proposition that a joint appointment of an arbitrator, and notice thereof by two or more insurance companies, is not a proper compliance with the provisions for arbitration such as is contained in the policies here involved. That case so holds. It therefore follows that the letter of March 17, 1959, signed by both insurance companies, per J. G. Wilder, Adjuster, which was sent by registered mail, and which plaintiff refused to receive, was not a compliance by defendants with the terms of their respective policies. It is not, however, the joint letter of March 17, 1959 which defendants rely on in this case, but the separate letters of April 6, 1959 which were personally delivered to plaintiff.

■ With reference to the contention that Michael Glynn, Jr. was not shown by the proof to be a competent, disinterested appraiser, we think that, in the absence of objection on that ground made by plaintiff, defendants were entitled to the presumption that their appointment of Mr. Glynn was made in compliance with the terms of their policies. Plaintiff contends that Mr. Glynn was not a competent, disinterested appraiser because he had theretofore made an appraisal of the loss in this particular case. We find no proof to that effect in the record; but, even if it be true, we think that, in the absence of objection on that ground, defendants were entitled to the presumption stated. The situation with reference to this contention is, in our opinion, analogous to what was said by the Supreme Court with reference to an insured's proof of loss in the case of Hickerson & Co. v. Royal Insurance Co., 96 Tenn. 193, 33 S. W. 1041, 32 L. R. A. 172, from which we quote, as follows:

"Upon the happening of a fire loss, the insured is required to give notice and furnish a detailed statement of the loss. When this is received by the company, it is incumbent on the company to examine the same; and, if not agreed to, specific objections must be pointed out by the company, and an honest effort must then be made to adjust the difference. A mere general objection to the proofs, without pointing out in detail the items excepted to, will not be sufficient, but the objection must be so specific, with detail of items, as to enable the assured to see upon what points differences exist; and a counter statement, if necessary, should be furnished, showing the contention of the companies in such way that the difference, if practicable, may be adjusted and settled. If this shall fail after an honest effort is made, an appraisal may be demanded by etiher party, and only in such event."

The duties of the insuror and the insured with reference to each other should be reciprocal; and the insuror should, therefore, be entitled to have pointed out to it the specific objections of the insured to the insuror's effort to comply with the arbitration provisions of the policy. Plaintiff's objection was not based on a contention by her that the appraiser named by defendants was not competent, but was that she had received no notice of their demand. Apparently, the trial judge took the view of the situation that there was no issue as to the competency of defendants' appraiser, and we think properly so. The jury's verdict forecloses this question. Assignments of Error I and III, are, accordingly, overruled.

■ The letters, the introduction of which in evidence is complained of by plaintiff's Assignment of Error II, were a letter dated March 11, 1959, from the Assistant Superintendent of Loss Dept. of the N. Y. Underwriters Insurance Co. to General Adjustment Bureau, Jackson, Tennessee, and one dated March 12, 1959, from the Assistant Manager of the Fire Claims Division of Hanover Fire Insurance Co. to the General Adjustment Bureau, Jackson, Tennessee. Each of these letters suggests that demand for appraisal be made under the terms of the respective policies. It is contended that these letters were improperly admitted in evidence because they constituted hearsay evidence and selfserving declarations. Even if said letters were not otherwise properly admissible in evidence, they certainly became so in response to cross examination of Mr. Wilder by counsel for plaintiff, and they were offered in evidence on that theory. The cross examination referred to is as follows:

"Q 42 All right, now, do you have any written authority to you from either one of these companies, in writing, with you, to be presented to the court and jury?

"A Authority? I don't understand what you mean.

"MR. RAGAN: That is all.

"THE WITNESS: Do you mean authority to represent them?

"Q 43 Any written authority in these particular matters?

"A No, I don't have any right here."

The letters in question were produced by counsel for defendants a short time thereafter, and were, in our opinion, properly admitted in evidence. Assignment of Error II is overruled.

By Assignment of Error IV, plaintiff complains that the trial judge erred by failing to specify in his charge what evidence would be required to make a person a competent and disinterested appraiser. We have already discussed this question in our disposition of Assignments of Error I and III. We add here, however, that in the absence of presentation of a special instruction on this point, plaintiff is in no position to complain of inadequacy or paucity of the charge. Meagerness of a judge's charge is not a ground for reversal. Maxwell v. Hill, 89 Tenn. 584, 15 S. W. 253; Cumberland Tel & Tel. Co. v. Poston, 94 Tenn. 696, 30 S. W. 1040; Travis v. Bacherig, 7 Tenn. App. 638; Haley v. Ogilvie, 2 Tenn. App. 607; Dorrity v. Mann, 43 Tenn. App. 554, 310 S. W. (2d) 191. In any event, under the "Harmless Error Statute", Sec. 27-117 T. C. A., plaintiff would not be entitled to a reversal. Assignment of Error IV is, accordingly, overruled.

Assignment of Error V complains because the trial judge instructed the jury, in substance, that if the jury should find that the defendants had made demand on plaintiff for an appraisal, the jury should find the issue joined in favor of defendants. As stated above, this seems to have been the only issue on which proof was offered. Inasmuch as plaintiff offered no proof other than a denial that the demand for appointment of an appraiser had been delivered to her, either by the Postal authorities or by Mr. Wilder and Mr. Kirby, there was

no occasion for the court to charge the jury, other than with reference to that issue. Certainly, under the Harmless Error Statute, Sec. 27-117 T. C. A., plaintiff can not be entitled to a reversal. Assignment of Error V is overruled.

Assignment of Error VI is substantially a reiteration in different language of Assignment of Error V. It is also overruled.

For the reasons hereinabove stated, all of plaintiff's assignments of error will be overruled, and the judgment of the lower court dismissing plaintiff's two suits against the Hanover Fire Insurance Company of New York and the New York Underwriters Insurance Company, respectively, because prematurely brought, will be affirmed.

The costs of the cause will be adjudged against the plaintiff, Fannie Mae Case (Robertson), and her sureties on the appeal bonds and the cost bonds filed in these causes.

Avery, P. J. (W. S.), and Carney, J., concur.