ROBERT H. POLK, Executor, etc., Appellee, v. CUMBERLAND LIFE INSURANCE COMPANY OF TENNESSEE, etc., et al., Appellants. —452 S.W.2d 868.

Middle Section. March 28, 1969.

Certiorari Denied by Supreme Court February 16, 1970.

James L. Roberts, Farris, Evans & Evans, Nashville, for appellants.

J. Vaulx Crockett, Rutherford, Crockett, Guenther & Davis, Nashville, for appellee.

SHRIVER, P.J.(M.S). This is an appeal by the defendant, Cumberland Life Insurance Company, from a decree of the Chancery Court, Part I, at Nashville, awarding a recovery to complainant on a policy of life insurance, said recovery being for the principal sum alleged to be due and the statutory penalty under the provisions of Section 56-1105, T.C.A.

Robert H. Polk, Executor of the estate of Annie Jackson, deceased, brought suit on a Certificate of level term

life insurance issued on the life of Annie Jackson, payable to Associates Finance Corporation as "Irrevocable Beneficiary-Creditor" and to the "Estate of the Insured" as second beneficiary.

The Certificate, a photocopy of which is incorporated in the bill, gives the name of the insured as Annie H. Jackson, of 1901 Sixth Avenue, North, Nashville, Tennessee, and shows the amount of life insurance to be $4,412.66 with the Beneficiary as Associates Finance Corporation and the second beneficiary as the estate of the insured. Among other things it recites:

"THIS IS TO CERTIFY that the insured named above who is indebted to the Creditor, also named above, is insured under and subject to all of the terms and conditions of a Group Policy, issued by the Company to the Creditor, as the Policyholder, for the amounts and periods specified above, and further, described in the next succeeding paragraphs."

The last paragraph of the Certificate recites:

"This is a summary of the insurance provided in the Group Policy and is not a contract of insurance."

Said Certificate is signed, "Cumberland Life Insurance Company of Tennessee, G. I. Nicks, Assistant Secretary."

The foregoing Certificate also provides that, on the death of the insured, death benefits shall be paid to the Creditor for complete discharge of the indebtedness, and any balance of the proceeds shall be paid to the second beneficiary, which is the estate of the insured.

It is alleged and shown that defendant, Associates Capital, formerly Associates Finance Corporation, was the sole owner of the defendant, Cumberland Life Insurance Company of Tennessee, and that all of the business of said insurance company was done through Associates Capital, it being operated as a department of Associates.

In its answer, Associates Capital (hereinafter referred to as Associates) admits that it is the beneficiary of a group life insurance policy issued by Cumberland Life Insurance Company of Tennessee, (hereinafter referred to as Cumberland or the Insurance Company) covering the lives of certain debtors. Associates alleges that under the terms of the policy it had a right to issue and deliver to eligible debtors a summary of the provisions of the policy which is shown in this record to be a ''Certificate of Insurance.'' Associates also admits making a loan to Annie Jackson, Jesse Jackson, her husband, and Fletcher Cunningham, her son, and admits paying from the proceeds of the loan the amount of $264.75 to the Insurance Company as a premium on life insurance, but alleges that the life insurance was to have been on Fletcher Cunningham and not on Annie Jackson and that there was never any intent on the part of the parties that Annie Jackson be the one insured under said policy.

Cumberland admits the issuance of the Group Life Insurance policy under which certain debtors of Associates who elected to be insured could become insured. Cumberland alleges on information and belief that Associates had erroneously delivered such a certificate to Annie Jackson but that Annie Jackson and the other borrowers had designated Fletcher Cunningham as the insured, and it further alleges that no premium has been

paid for life insurance on Annie Jackson and denies entering into a contract to insure her life.

The facts with reference to the issuance of the foregoing certificate and the group policy are substantially as follows:

Fletcher Cunningham, a son of Annie Jackson, applied to Associates for a loan to purchase an automobile for himself. Associates declined to make the loan until security was offered and, as a result of this requirement, certain real estate owned by Annie Jackson, the mother of Fletcher Cunningham, was offered as collateral after which the loan was made. Part of the proceeds of the loan was used to pay off an existing mortgage on the real estate of Annie Jackson, so as to give Associates a first mortgage on said property.

Pursuant to a pre-arranged appointment, Fletcher Cunningham, Annie Jackson, Jesse Jackson and Ronald Andrews, the seller of the automobile, arrived at Associates office for the closing of the loan. It was closed by a Mr. Michael Dinwiddie, who is no longer employed by Associates, but whose deposition was taken and filed.

There is a conflict in the testimony as to whether the oral agreement made at this meeting was for Fletcher Cunningham's life or Annie Jackson's life to be insured with Associates as the primary beneficiary. There is also a conflict in the testimony as to whether the "Notice to loan applicant and Statement of the Transaction" on which Annie Jackson, Jesse Jackson and Fletcher Cunningham signed their names, with Jesse Jackson making his mark for a signature, was completed before it was signed. In this connection, Fletcher Cunningham testified that he had the papers ready when he got there but he

also testified that the foregoing form had not been completed.

It is insisted by defendant that the Certificate which is incorporated in the original bill was erroneously issued showing Annie Jackson to be the insured and should have shown Fletcher Cunningham as the insured. Thus, it is stated by counsel for the defendant that the ultimate issue to be decided here is whether or not Cumberland Life Insurance Company insured the life of Annie Jackson. Defendant insists that the Certificate which was issued showing that Annie Jackson was the insured is not a contract of insurance and that said Certificate was issued by mistake and was not in accordance with the agreement of the parties.

After a hearing the Chancellor took the case under advisement and, on May 2, 1968, filed his Memorandum Opinion which is as follows:

### "MEMORANDUM

"Annie Jackson and her son, Fletcher Cunningham, arranged with the defendant, Associates Capital Corporation, for the financing of the purchase of an automobile for her son. As a part of this financial arrangement a certificate of insurance was issued to Annie Jackson, with the Associates Capital Corporation as the primary beneficiary, with the secondary beneficiary being the estate of the insured. The effective date of this certificate of insurance was March 26, 1964. This certificate was issued by the defendant, Cumberland Life Insurance Company.

This certificate of insurance, in bold print, contains the following words: 'This is the person insured. If not correct, contact the Associates office immediately.'

A few months after the issuance of this certificate Annie Jackson died, and the complainant, Robert H. Polk, was appointed the Executor of her estate. Upon discovery of the certificate of Insurance the Executor made demand for payment under the policy, which payment was refused on the grounds that the insurance should have been issued on the life of Fletcher Cunningham instead of the deceased.

In a brief filed by the defendant, Cumberland Life Insurance Company, one of the final statements made in this brief is 'The issuance of the certificate was an unfortunate mistake.'

The defendant, Cumberland Life Insurance Company, in its brief, states as follows: 'Because we are not asking the Court to reform, to the contrary, *we are relying on the contract.*' As I see this matter, the certificate of insurance was the *contract* issued by Cumberland Life Insurance Company to Annie Jackson.

Taking the defendant Cumberland Life Insurance Company's statement that an unfortunate mistake was made, it is certainly apparent from the record that the mistake was made by the defendant insurance company and certainly not by Annie Jackson. The insurance premium had been paid in full to the insurance company, and I think the case of American National Insurance Company v. McPhetridge [28 Tenn.App. 145, 187 S.W.2d 640] is controlling in this case.

It is to be noted that the American National Insurance case was a suit by the insurance company to reform an insurance policy after the death of the insured. In this case, the Court denied the reformation sought

by the defendant insurance company. In the case at bar the defendant insurance company, upon learning of its 'unfortunate mistake,' made no effort to reform the contract, and instead of so doing it took the outright position that there was no insurance on Annie Jackson under the certificate of insurance. Repeated demands were made by the Executor upon the insurance company, and all demands were fruitless, which brought about the filing of the original bill. Not only did the insurance company file an answer, but in addition thereto, filed a cross-bill against the Executor, alleging that the original bill was not brought in good faith and claimed the statutory penalty for the filing of the suit.

The defendant insurance company had absolute control over the issuance of the certificate of insurance, and was dealing with elderly and uneducated people. In contrast, the insurance company and Associates Capital were fully experienced in such matters, Associates Capital being one of the largest such finance companies in the south. Certainly it cannot be said that there was any fraud practiced upon these two defendants, and since the mistake, if there was one, was the fault of the defendants, they should suffer the loss occasioned by their own mistake. In the record, as Exhibit No. 3 to the testimony of the complainant, is a notice sent to Annie Jackson by the auditors of the Associates Finance Corporation also showing Annie Jackson as the insured.

I think it would be reasonable to assume that if Fletcher Cunningham, who the defendants claim is the insured, had died, and had claim been made under the certificate of insurance which was issued to Annie

Jackson, that the defendants would take the position that under the certificate of insurance Fletcher Cunningham, would not have been the insured.

The original bill of the complainant is sustained, including the statutory penalty as provided by law.

The cross-bill is dismissed, and the defendant, Cumberland Insurance Company is taxed with all costs.

Mr. Crockett will draw the Decree.

/s/ Ned Lentz,
Chancellor''

The foregoing Memorandum was followed by a decree which orders the Memorandum filed and made a part of the record in the cause and decrees that the allegations of the original bill are sustained by the proof and that complainant, Robert H. Polk, as Executor of the Estate of Mrs. Annie Jackson, deceased, is entitled to have and recover of the defendant, Cumberland Life Insurance Company of Tennessee, the face amount of the insurance policy shown by the certificate to be issued to Annie Jackson, to wit, $4,412.66, with interest at 6%, since the death of Annie Jackson, making a total of $5,295.19. The decree recites:

"And the Court further finds that the refusal to pay said loss on the part of said defendant, Cumberland Life Insurance Company of Tennessee, was not in good faith and that such failure to pay inflicted additional expense, loss, or injury upon said estate, especially with respect to attorneys fees required to be paid in the prosecution of this litigation and that the statutory penalty provided by Section 56-1105, T.C.A., shall be paid by the defendant Cumberland Life

Insurance Company of Tennessee in the amount of $1,103.17.''

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that complainant executor have and recover of the defendant Cumberland Life Insurance Company of Tennessee the sum of $6,398.36 and the costs of this cause, of which sum $4,565.03 is for the benefit of Associates Capital to be applied to the satisfaction of the unpaid balance of the loan made by Associates Capital to Annie Jackson, Jesse Jackson and Fletcher Cunningham and for the satisfaction and release of the lien therefor.''

## ASSIGNMENTS OF ERROR

There are four assignments which we summarize as follows: (1) The Chancellor erred in holding that the Certificate of Insurance in question was a Contract of Insurance; (2) That to the extent the Chancellor allowed complainant to recover on the theory of estoppel the Chancellor erred because there is no evidence in the record that anyone relied to his detriment on the statement in the Certificate that Annie Jackson was insured; (3) That even if the Certificate were part of the contract of Insurance, the Court erred in failing to reform the contract under cross-complainant's prayer for general relief so as to make Fletcher Cunningham the insured; and (4) That it was error to require the insurance company to pay complainant the penalty as provided in Sec. 56-1105, T.C.A.

Thus, it is seen that it is the contention of the defendant that the Certificate in question was not a contract of insurance since it states on its face that it is not and

that it was issued by mistake showing Annie Jackson to be the insured instead of Fletcher Cunningham. It is the further insistence that the evidence establishes that all the borrowers, including Annie Jackson, intended to and did designate Fletcher Cunningham as the insured and that all Cumberland's records so indicate, and that the premium was not paid for insurance on Annie Jackson and, further, since no one relied on the erroneous certificate to his detriment, there is no basis for Cumberland to be estopped by the Certificate from relying on the true contract.

There is one other proposition on which defendant relies and that is that, at the time the loan was negotiated, Annie Jackson's age was put down as 65 and the Group Policy provides that it will not cover persons under 18 or over 65 years of age. It is insisted by complainant and complainant's witnesses that Annie Jackson's age was not given as 65 and that this was another mistake of the agent of the insurance company. The proof shows that Annie Jackson was, in fact, 62 years of age at the time of her death. Defendant insists that the fact that her age was put down as 65 buttresses the contention that the agreement was to insure Fletcher Cunningham and not Annie Jackson.

As bearing upon the issues to be resolved here, it is to be noted that in the provisions of the insurance policy itself, which was put into the record by stipulation of counsel at Page 122 of the transcript, the following appears on Page 5 of the policy, Section (13), entitled "Individual Certificates":

"The Company will issue to the Creditor for delivery to the individual insured Debtor an individual certificate

setting forth a statement as to the insurance protection to which he is entitled and to whom the insurance benefits are payable."

Another provision found in the Transcript at Page 122, entitled, "Application attached to Policy", the following:

"In the event the time sales contract or loan agreement contains the signature of more than one individual, only the individual whose personally affixed signature appears first on the contract or loan agreement shall be insured under the Group Policy."

Without going into a discussion of the evidence adduced by the parties it is sufficient to say that we do not find that the evidence preponderates against the facts as found by the Chancellor, except on the question of bad faith on the part of the defendant in declining to pay and in defending this suit.

As bearing upon the question of the force and effect of the Certificate issued by the insurance company showing Annie Jackson to be the insured, we call attention to Smithart v. John Hancock Mutual Life Ins. Co., 167 Tenn. 613, 71 S.W.2d 1059 where the Supreme Court, in considering a certificate issued in connection with a group insurance policy, said:

"But when, as here, the insurer issues its certificates to the employees and the latter contribute a portion of the premium paid by the employer, there arises a definate contractual relation between the insured employees and the insurer, and the certificates become integral parts of the insurance contract. The group

policy and the certificate are to be construed and enforced together.''

Again in Baugh v. Metropolitan Life Ins. Co., 173 Tenn. 352, 355, 117 S.W.2d 742, 743, the Court said:

''(1) The insured paid a portion of the premium for his protection under the group policy and the insurer issued to him a certificate. Under such circumstances there was a definite contractual relation between the insured employee and the insurer.''

In 1 Appleman, Insurance Law and Practice pages 68-70, Section 46, we find a statement that there is not much question but that the present weight of authority is to the effect that the terms of any certificate issued by the insurer to the employee is binding upon it, and aids in fixing the liability under such contracts, and this doctrine has been carried to the extent of holding that the certificate is controlling in the event of any ambiguities or conflict existing between it and the master policy. The text writer goes on to say that this result is justified on the ground that the individual certificate is the only instrument which the employee sees at any time and that if the insurer chooses to draft and to issue such certificate in language selected by it then it cannot be heard to complain that such language does not express the intention of the parties.

In view of the fact that Annie Jackson was shown to be the solvent member of the group who signed the application for a loan at Associates Capital and that, in all probability, she was the one to whom Associates looked for the payment of the loan since they had turned down her son on his application for a loan, and particularly in view of the provision in the policy that if the

Sales Contract or Loan Agreement contained the signature of more than one individual only that individual whose signature appears first on the contract or loan agreement shall be insured under the group policy, we are persuaded to believe that it was not actually so much a mistake on the part of Associates as a design to insure the person who owned the property and who was, therefore, the security for their loan.

As to Assignment No. 3 which asserts that the Chancellor should have granted reformation of the contract under the prayer for general relief in the cross-bill, it appears that the cross-bill was withdrawn at the hearing and, according to the Chancellor's opinion defendant's position before that Court was stated to be "we are not asking the Court to reform, to the contrary, we are relying on the contract."

Thus, we think this Assignment is without merit.

■ Generally, equity will not grant relief to one from the consequences of his own mistake. American National Ins. Co. v. McPhetridge, 28 Tenn.App. 145, 187 S.W.2d 640; Vulcan Life & Accident Ins. Co. v. Segars, 216 Tenn. 154, 391 S.W.2d 393.

■ In view of all the facts and circumstances shown here we overrule all assignments except the Fourth which complains of the penalty fixed by the Chancellor's decree. We feel that there was legitimate ground for disagreement about the coverage of the insurance policy and that the defendant company should not be onerated with the statutory penalty. See American National Ins. Co. v. McPhetridge, supra.

With this modification the Chancellor's decree is affirmed.

Puryear and Todd, JJ., concur.

ON PETITION TO REHEAR

Robert H. Polk, Executor, etc. has filed a petition to rehear in this cause wherein it is alleged that the petitioner is much aggrieved by so much of the holding of this Court as adjudged that petitioner was not entitled to recover the statutory penalty of twenty-five per cent (25%) as decreed by the Court below.

An examination of this petition reveals that it is based largely on the assertion that this Court overlooked the fact that the decree of the Chancellor declared a lien on the recovery for complainant attorney in the amount of $1,103.17 to be deducted from the balance in excess of that amount owing to Associates Capital.

■ We feel compelled to agree with the statement of counsel for the respondent life insurance company that:

"When the allowance of a penalty is otherwise justified, the expense of an attorney's fee is considered in determining the extent of the penalty, but the incurring of the expense of an attorney is not a factor to be considered in determining whether the refusal to pay was in 'bad faith' or was 'in good faith' based on reasonable grounds."

We are still of opinion that there was legitimate ground for disagreement about the coverage of the insurance policy involved in this litigation and that the record does not support the finding of bad faith on the part of the insurance company so as to justify the recovery of the statutory penalty.

It results that the petition to rehear is respectfully denied except that the opinion and decree originally filed in the cause is amended so as to provide that the cause is remanded to the Trial Court for such other or further proceedings as may be necessary or proper with particular reference to the fixing of attorneys fees for petitioner's attorney.