**Seward NORRIS and Constance Norris, Plaintiffs-Appellees,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 12, 1986.

Permission to Appeal Denied by Supreme Court April 6, 1987.

Archie R. Carpenter, Carpenter & O'Connor, Knoxville, for defendant-appellant:

Richard T. Sowell and H. Bruce Guyton, of Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

In this action, the jury returned a verdict for plaintiffs in the amount of $48,000.00 for additional living expenses under the provisions of the insurance policy issued by defendant. Additionally, the court assessed a bad faith statutory penalty of 25 per cent against defendant, pursuant to T.C.A., § 56–7–105.

On October 5, 1982, plaintiffs' home was destroyed by fire and within 60 days of the loss defendant paid plaintiffs in excess of $1,000,000.00 for the loss of the dwelling and unscheduled personal property. The policy also provided coverages for additional living expenses up to the amount of $140,540.00, but required documentation of actual additional living expenses; however, prior to this action, defendant paid plaintiffs $40,000.00 for additional living expenses at the rate of $4,000.00 per month without documentation.

Defendant has raised numerous issues on appeal, first insisting the trial court's instructions to the jury in effect modified the provision of the insurance contract between the parties. The trial judge, in his charge to the jury, stated:

I do not feel that reasonable minds would differ that these individuals have admitted there was in fact a $4,000 agreement, that there was no documentation necessary for the Norrises to receive $4,000 a month, but the question is whether or not that those individuals who are defending this lawsuit agreed to an eight-month period of time which was later extended to 10 or whether or not it was for that period of time that the Norrises would take to occupy the residence.

■ The evidence establishes that $4,000.00 a month was agreed to be fair and reasonable by the parties.[1] Defendant's pleadings admit to such an agreement. The defendant made the $4,000.00 per month payment for 10 months without requiring documentation. Accordingly, we conclude since defendant's agent agreed $4,000.00 was a reasonable amount per month without documentation, the defendant has waived reliance on the policy provision. *Baird v. Fidelity-Phenix Fire Ins. Co.*, 178 Tenn. 653, 162 S.W.2d 384 (1942).

■ Next, defendant argues it was error to admit into evidence certain letters between plaintiffs' attorney and the insurance company. The letters were offered for the purposes of establishing notice to defendant of the intent to make claim for additional living expenses and seek a bad faith penalty, as well as furnish information relative to the loss. Letters from one party to another, which relate to an existing contract between the parties, are admissible in evidence. 29 Am.Jur.2d, *Evidence*, § 637. *Also see Case v. Hanover Fire Ins. Co.*, 50 Tenn.App. 72, 359 S.W.2d

831 (1962). The letters were properly admitted for the purposes stated.

■ Defendant contends the trial court erred in failing to direct a verdict on the issue of bad faith on the bases no proof of loss was filed and there is no evidence to support the verdict on the issue, including damages. The payments under the policy were made without proof of loss and defendant paid $4,000.00 per month for ten months as additional living expenses without documentation. An insurance company may waive policy provisions requiring a proof of loss. The voluntary payments without requiring plaintiffs' compliance with the policy provision constitutes such waiver. *See Johnson v. Scottish Union, Etc., Ins. Co.*, 160 Tenn. 152, 22 S.W.2d 362 (1929).

■ Plaintiffs' dwelling destroyed by fire contained approximately 11,000 square feet and the replacement dwelling, although smaller, was extraordinary in that it contained approximately 7,000 square feet of space. Defendant discontinued paying living expenses on the basis plaintiffs did not use "due diligence or despatch", in the words of the adjuster, to either rebuild or relocate in a prompt fashion or reasonable amount of time. The evidence establishes defendant undertook no investigation of the facts and circumstances surrounding the construction of plaintiffs' dwelling before arbitrarily discontinuing the living expense payments on the basis that plaintiffs "failed to exercise due diligence or despatch". There is ample evidence that defendant's refusal to pay was arbitrary and unreasonable and the issue was properly resolved by the triers of fact.

■ Finally, assuming, *arguendo*, bad faith, defendant asserts no additional expenses resulted to plaintiffs. The record establishes plaintiffs were required to employ an attorney to file suit to recover the benefits of the policy and, where the evi-

---

**1.** Defendant's adjuster testified:

Q. Isn't it true, Mr. Leming, that $4,000 a month was a fair and reasonable amount to pay Mr. and Mrs. Norris for additional living expenses?
A. I thought it was more than that.

Q. More than what?
A. I thought it was more than a fair and reasonable amount.
Q. But it was at least fair and reasonable?
A. Yes.

dence establishes a penalty .is justified, the expense of recovery, including attorney's fees, forms a basis for awarding damages. *Polk v. Cumberland Life Ins. Co.,* 61 Tenn.App. 10, 452 S.W.2d 868 (1969).

The issues were determined by a six-person jury and defendant insists it was denied its constitutional right to a twelve person jury.

Defendant, in its pleading, timely demanded a jury; however, a local rule of the trial court provided a demand for a jury would be considered as a demand for a jury of six unless a greater number was expressly requested.

■ The defendant proceeded to trial without indicating it was dissatisfied with the six person jury empaneled and no objection was made throughout the course of the trial. The issue was first raised only upon a motion for a new trial. The right to twelve jurors in all jury cases is guaranteed unless waived by the demanding party. *Henley v. State,* 98 Tenn. 665, 41 S.W. 352 (1897); *Warren v. Grocery Co.,* 96 Tenn. 574, 36 S.W. 383 (1896); however, the parties may agree to a jury consisting of any number less than twelve. T.R.C.P., Rule 48. Constitutional and statutory rights, including the right to trial by a twelve member jury, may be waived. *State v. Dunn,* 224 Tenn. 255, 453 S.W.2d 777 (1970). Moreover, a waiver may occur during the pendency of proceedings "by conduct inconsistent with the exercise of such right". *Ferris v. Bloom,* 132 Tenn. 466, 178 S.W. 1112 (1915). Defendant knowingly and voluntarily submitted to a trial by a jury of six persons without objection. We hold this conduct constitutes a waiver of the right to a twelve person jury.

We have considered the remaining issues and find them to be without merit. Accordingly, we affirm the judgment of the trial court and remand at appellant's cost.

PARROTT, P.J., and SANDERS, J., concur.