## LYNCH *v.* STATE.

*(Jackson.* May 26, 1897.)

1. CRIMINAL PRACTICE. *Plea essential.*

No valid trial and conviction under an indictment can be had in the absence of a plea. (*Post, pp. 125, 126.*)

Code construed: § 7173 (S.); § 6039 (M. & V.); § 5209 (T. & S.).

Case cited and approved: Link *v.* State, 3 Heis., 254.

2. SAME. *Record must show there was a plea.*

Although the plea itself need not appear in the transcript of the record on appeal from a conviction, the fact that a plea was entered must be shown in such transcript. (*Post, p. 126.*)

Code construed: § 7217 (S.); § 6083 (M. & V.); § 5242 (T. & S.).

3. SAME. *Formal arraignment not essential.*

One charged with a misdemeanor need not necessarily be formally arraigned. (*Post, p. 127.*)

4. SAME. *Waiver of jury trial.*

A recital in the record, on appeal from a conviction, that the Court tried a misdemeanor case "by consent," is binding on defendant, and conclusively shows a waiver by him of trial by jury. (*Post, p. 127.*)

FROM SHELBY.

Appeal in error from Criminal Court of Shelby County. L. P. COOPER, J.

J. J. DuBose for Lynch.

Attorney-general PICKLE for State.

CALDWELL, J. Ed. Lynch was indicted and convicted for keeping a saloon open on Sunday. He appealed in error. The whole of the record, after the indictment, is an entry upon the minutes of the Criminal Court, in these words:

"STATE OF TENNESSEE v. ED. LYNCH.

"Came the Attorney-general, on behalf of the State, and the defendant, in his own proper person and by counsel of record; whereupon, by consent, the Court proceeds to try said cause, and, being fully advised in the premises, adjudges the defendant guilty as charged in the indictment, and fines him the sum of fifty dollars, and orders that he be confined in the county workhouse for the period of sixty (60) days, and until he shall have paid, worked out, or secured, according to law, the fine herein, together with all costs, and that execution and mittimus issue.

" Whereupon, the defendant moves the Court for a new trial and in arrest of judgment, which motions, being heard and argued by counsel and fully understood by the Court, are severally overruled. Whereupon, the defendant prays an appeal in the nature of a writ of error, . . . which is granted."

No arraignment or plea appears to have been made. In the absence of the latter, there could have

·been no valid trial and conviction. There should have been a plea, either of guilty or not guilty, before the defendant was tried, and, without one or the other, the trial was invalid. Without a plea there was no issue to try, and without an issue there was nothing to decide and adjudge—nothing for the judgment to stand upon. · "If the defendant refuses or neglects to plead, or stands mute, the Court shall cause the plea of not guilty to be entered, and proceed with the trial as if the defendant had put in the plea." Code, § 5209; M. & V., 6039; Shannon, 7173.

In the case of *Charles Link* v. *State*, 3 Heis., 254, the Court, referring to a trial without a plea, said: "The verdict of the jury, not being responsive to any issue, was a nullity. . . . ."

It is not absolutely essential that the plea itself should appear in the transcript of the record sent to this Court; but the fact that the defendant was tried upon a plea must be shown in such transcript in every instance.

"When a person indicted or presented for a criminal offense is arraigned before a Court having· jurisdiction of the matter, and pleads not guilty, and is tried upon the merits and convicted, he shall not be entitled to a new trial, or to an arrest of judgment, or to a reversal of the judgment, for any of the following causes: (1) Because the Clerk of the Court omitted to file or enter his plea of record." . . . Code § 5243;· M. & V., § 6083; Shannon,

§ 7217.   That is to say, when it otherwise appears that the defendant has been duly tried and convicted on his plea of not guilty, he will not be entitled to a new trial, or arrest of judgment, or a reversal, simply because the Clerk omitted to file or enter his plea of record.   It does not otherwise so appear in this case.   No plea is mentioned or referred to in any form or manner whatsoever.

The offense charged being a misdemeanor, it is not indispensable that the defendant should have been formally arraigned.   Caruthers says: "Although in misdemeanors there is no formal arraignment, yet the defendant is called upon to plead, and does plead not guilty, and it is equivalent to a formal arraignment."   History of a Lawsuit, p. 597.   The recital of the record that the Court below tried the case "by consent," is binding upon the defendant, and shows conclusively that he waived his right of trial by jury.

Reverse and remand for a new trial.