458

WATERHOUSE *v.* PERRY *et ux.*

(*Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

Rehearing denied July 17, 1953.

CARMACK WATERHOUSE, of Oak Ridge, for complainant.

O. W. McKenzie, of Dayton, for defendants.

Mʀ. Jᴜsᴛɪᴄᴇ Gᴀɪʟoʀ delivered the opinion of the Court.

This controversy rises from the use and occupancy of a certain tract of land in Rhea County by the defendants, Sam Perry and wife. The tract of land in controversy was formerly owned by Euclid Waterhouse, who died intestate in Rhea County in May 1950. His son, Carmack Waterhouse, has been duly appointed administrator of his father's estate, and is the complainant in the present controversy.

On September 11, 1950, in cause No. 3054 of the Chancery Court of Rhea County, the complainant, Carmack Waterhouse, filed a bill against these same defendants, Sam Perry and wife, alleging that the defendants had purchased this same tract of land from complainant's father, Euclid Waterhouse; that the deed from said Euclid Waterhouse to said defendants had retained a vendor's lien on said tract of land; that the deferred pur-

chase price secured by said lien was evidenced by certain promissory notes signed by said defendants; that the defendants had failed and refused to pay said promissory notes when due, and otherwise failed to perform their said contract of purchase; and that, therefore, complainants sued for the deferred purchase price evidenced by said promissory notes, together with interest, damages and costs.

While said cause No. 3054 was pending in the Chancery Court, after pleadings had been filed and some proof taken, but before a final disposition of that cause, on the 6th day of August, 1952, the complainant filed the present bill in cause No. 3136 in the Chancery Court of Rhea County, against the same defendants, Sam Perry and wife, alleging that he sued as administrator of Euclid Waterhouse deceased, who had sold the land in controversy to the defendants on terms specifically set out in said bill; that the defendants had made certain of the payments contracted to be made; that they had failed to meet others when due; that he therefore exercised the option of maturing all of said deferred payments, and prayed a decree for the amount of the purchase money unpaid, together with interest, damages and costs, or in the alternative, compensation for unjust enrichment; and that said tract of land be sold to satisfy the judgment.

This last bill in cause No. 3136 was met by the defendants by a plea of former suit pending, and upon the question the Chancellor entered a decree, the pertinent parts of which are as follows:

"This cause came on to be heard on this the 3rd day of November, 1952, before Chancellor Glenn W. Woodlee, upon the sufficiency of defendants' plea of former suit pending, and motion of complainant to set the plea for hearing alleging that the plea is in-

sufficient, from all of which the Court finds that the plea should be sustained and the bill should be dismissed as the complainant could include all of the allegations as alleged in this suit in an amended or supplemental bill in the former suit pending and this right was granted the complainant, if he so desired. The Court giving the complainant the right to file the bill in this cause in the former suit treating the same as an amended and supplemental bill with the right to amend the prayer of the present suit so as to pray in the alternative the relief prayed for in this suit treating the same as an amended and supplemental bill since the bill in this cause is more comprehensive than the bill in former suit, but the complainant announced in Open Court that he did not prefer to have the bill in this cause treated as an amended and supplemental bill therein and to amend the prayer so as to pray in the alternative the relief asked.

"It is, therefore, ordered by the Court that the plea of former suit pending is hereby sustained and the bill in this cause is hereby dismissed at the cost of the complainant and his bondsmen, for which execution is awarded."

From this decree the complainant has perfected this appeal.

■■ For two reasons the decree must be affirmed. (1) the record in cause No. 3054, the former suit filed on September 11, 1950, is not incorporated in the record on this appeal, and is not, therefore, before us for review. The finding of the Chancellor in the quoted decree that the causes of action stated in the two bills are identical, therefore imports absolute verity and is conclusively presumed to be true. (2) The quoted decree shows that the Chancellor permitted the complainant to treat the

bill filed in cause No. 3136 as an amended and supplemental bill to matters and things alleged in cause No. 3054. By taking this course, complainant would have suffered no prejudice whatever, but by refusing to take it, he, himself, compelled the dismissal of the second bill and therefore cannot complain of a situation which he, himself created. Sufficient authority for these propositions is to be found in our Rule 14, 185 Tenn. 866.

The decree of the Chancellor is affirmed at the cost of the appellant.