STATE OF TENNESSEE, Petitioner,

*v.*

DAVID DUNN, Respondent.

453 S.W.2d 777.

(*Nashville,* December Term, 1969.)

Opinion filed April 6, 1970.

DAVID M. PACK, Attorney General, C. HAYES COONEY, Assistant Attorney General, and ROBERT S. BRANDT, Assistant District Attorney General, Tenth Judicial Circuit, Nashville, for petitioner.

J. W. RUTHERFORD, Nashville, for respondent.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This case involving the principal issue of waiver of a jury trial after indictment comes to this Court by grant of the writ of certiorari.

Respondent, David Dunn, indicted for simple assault and battery, employed private competent counsel who, on August 27, 1968, entered a plea of not guilty for his client. The case was set for trial on Friday, October 11, 1968, which by custom or unwritten rule of the trial court is the day of the week set apart for non-jury matters. It is admitted defendant's counsel had full knowledge of this custom or unwritten rule. On October 11, 1968, respondent, his witnesses and counsel appeared ready for trial and waiving the reading of the indictment went to trial upon a plea of not guilty before the court

without a jury. The trial judge found respondent guilty, assessing a fine of $50.00 and thirty days in the Workhouse.

On October 17, 1968, respondent filed a motion for a new trial, wherein for the first time it was alleged the trial court was in error in setting the case on the non-jury docket, placing a burden on respondent's right to a jury trial. The motion for a new trial was overruled.

Upon appeal the majority opinion of the Court of Criminal Appeals reversed the judgment of the trial court, holding that in order for the waiver of a jury trial to be binding on respondent, such waiver must affirmatively appear in the record. It is admitted the waiver of a jury trial does not affirmatively appear in this record.

The minority opinion of the Court of Criminal Appeals held under the facts of this case the defendant intentionally waived his right to a jury trial which is, in effect, to hold it is not an absolute requirement that waiver of a jury trial affirmatively appear in the record in order for such to be binding on respondent.

It is admitted under this indictment respondent had a constitutional right to a trial by a jury. It is further admitted respondent could waive his right to a jury trial as such is authorized by T.C.A. sec. 40-2705. The question presented here is what is required in order to make a waiver binding on a defendant and on this issue T.C.A. sec. 40-2705 is silent. We have not been cited, nor have we found any statute germane to this issue.

The majority opinion of the Court of Criminal Appeals relied upon *Lynch v. State,* 99 Tenn. 124, 41 S.W.348 (1897). In the *Lynch* case the record recited the case was

tried "by consent" and the court held such "shows conclusively that he (defendant) waived his right of trial by jury." This is not a holding that there must be a record entry showing waiver in order for a waiver to be binding on the defendant.

The minority opinion of the Court of Criminals Appeals relied upon the following language from *State ex rel. Barnes v. Henderson,* 220 Tenn. 719, 423 S.W.2d 497 (1968):

On the subject of waiver it has been noted that:

"As a general rule, subject to certain exceptions, any constitutional or statutory right may be waived if such waiver, is not against public policy. In fact, the trend of modern authority is in favor of the doctrine that a party in a criminal case may waive irregularities and rights, whether constitutional or statutory, very much the same as in a civil case. Some jurisdictions, however, regard certain rights as nonwaivable in capital cases, or even in felony cases generally. * * *

Where a constitutional right accorded the accused is treated as waivable, it may be waived by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it." 21 Am. Jur.2d, Criminal Law, Sec. 219.

The minority opinion of the Court of Criminal Appeals states the case in the following language:

The case was set for trial on a nonjury day. The defendant had employed counsel. He does not contend that he objected to its setting on the nonjury calendar

or that he made any request that it be heard on a day when a jury would be in attendance. Before the trial it was obvious to the defendant and his counsel that there were no jurors present and the case could not be tried with a jury then. The defendant proceeded to trial before the judge without indicating in any way that he wanted a jury. A request for a resetting or for a continuance would have notified the trial judge that he did not waive his right to a jury trial. Here the defendant appeared with his witnesses on a nonjury day. He waived the reading of the indictment, entered a plea of not guilty, testified, presented his witnesses and submitted his case to the trial judge, both as to guilt and punishment.

While we agree it would be the better practice for the record to show when a defendant has waived his right to a jury trial, yet we do not think the failure to do so would preclude the court from examining the facts to determine if a defendant had, in fact, waived his right to a jury trial. The facts of this case reflect only one thing: That the respondent knowingly and intentionally waived his right to a trial by a jury. *State ex rel. Barnes v. Henderson,* supra, quotes the following language from *State ex rel. Lea v. Brown,* 166 Tenn. 669, 64 S.W.2d 841 (1935), which we think is applicable to the case at bar:

"The appellant is in this position. He participated as an actor in procuring the order which he now seeks to set aside, and took his chance. * * * To that end there was not only acquiescence on his part, but intelligent and efficient dealing with the matter and consent to the order. By this consent he must be deemed to have made

his election and should be held to it." 166 Tenn. at 693-694, 64 S.W.2d at 848.

Respondent also assigns as error that the evidence preponderates against guilt and in favor of his innocence.

This conviction is for an assault and battery upon one Bernard White, an 18-year old high school student, weighing about 135 pounds. On a Saturday night in June, 1968, White with his younger brother and sister, went to a store in Donelson, Davidson County, Tennessee. After leaving the store these three were walking through a theater parking lot when a car driven by respondent and containing three other young men, pulled up next to them and stopped. White was not acquainted with any of the men in the car, nor were they acquainted with him. Respondent asked White if he could have a cigarette, and upon being told he could, respondent got out of the car. At this point the testimony is in conflict. Respondent claims White dropped the cigarettes and as he reached down to get them White shoved him against the car. White claims respondent knocked the cigarettes out of his hand and he then shoved him against the car. At any rate, a fist fight started resulting in White receiving bruises about the face. The fight was of short duration and at the end respondent pulled out a knife but one of the men in the car intervened, stopping the fight and the knife was never used. One of the men in respondent's car, as a witness for respondent, admitted he had cigarettes in his pocket at the time respondent stopped the car to ask for the cigarette.

This evidence presents a question for the trier of facts and essentially involves the credibility of the witnesses.

We cannot say the evidence preponderates against the finding of guilt and in favor of innocence.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is affirmed.

CRESON and HUMPHREYS, JUSTICES and JENKINS, SPECIAL JUSTICE, concur.

McCANLESS, JUSTICE, not participating.