IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 11, 2001

## STATE OF TENNESSEE v. COURTNEY ANDERSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 97-09924, 97-01093-97, 97-08272-73, 97-09654-60     Joseph B. Dailey, Judge**

---

**No. W2000-02071-CCA-R3-CD  - Filed August 13, 2001**

---

The Appellant, Courtney Anderson, was indicted by a Shelby County Grand Jury on multiple counts of theft of property, forgery, and one count of misdemeanor possession of a handgun. Under the terms of a plea agreement, Anderson pled guilty to a reduced number of the charged offenses and was sentenced to an extended term in the Department of Correction. The resulting convictions reflect class C, D and E grade felony offenses. The trial court found Anderson to be a career offender for all convictions and ordered consecutive sentences. In this appeal, Anderson contends that the effective sentence imposed by the trial court is excessive. After review, we find that Anderson's designation as a career offender for the class C felony convictions was error. Furthermore, we are unable to reconcile the effective sentence pronounced by the trial court with the sentences reflected by the judgment of conviction documents presented on appeal. Accordingly, we remand for clarification or correction of the sentence imposed and for resentencing on the class C felony convictions.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH, J. and ALAN E. GLENN, J., joined.

William L. Johnson, Memphis, Tennessee, for the Appellant, Courtney Anderson.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; Amy Weirich, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

## Factual Background

During the eleven-month period between April 1996 and February 1997, the Appellant, by means of forgery, fraudulently obtained personal credit cards, cash, jewelry, car rentals, apartment leases and other numerous services and property. See Appendix A. As a result of these unlawful activities, the Appellant was indicted by a Shelby County Grand Jury on eight counts of felony theft of property, seventeen counts of forgery and one count of misdemeanor possession of a handgun in a public place. The Appellant proceeded to trial on one count of class C theft and one count of forgery. Following his jury conviction for these offenses, he received consecutive sentences of fifteen years for theft as a persistent offender and six years for forgery as a career offender. See Appendix A (97-08497; 97-08498). After his convictions were affirmed by this court on direct appeal, the Appellant negotiated a plea agreement on the remaining charges. See State v. Coutney Anderson, No.W2000-00244-CCA-R3-CD (Tenn. Crim. App. at Jackson, Jan. 30, 2001).

Prior to the sentencing hearing, the State filed notice of its intent to seek enhanced punishment "as a multiple offender pursuant to Tenn. Code Ann. § 40-35-106, a persistent offender pursuant to Tennessee Code Annotated, 40-35-108, as applicable." Attached to the notice was a compilation of the Appellant's prior record of indictments with the dates and courts of conviction. In addition, the State attached to this form supporting documents which included the respecitve indictment and judgment of conviction for each listed conviction. We note, however, that the State's compiled list of convictions cannot be reconciled with the supporting documents, *e.g.,* the number of convictions and the class of convictions are in dispute and a number of the indictments are not supported by proof of a conviction. See Appendix B.

A sentencing hearing was held on July 21, 2000. The following colloquy occurred at the hearing.

> ASSISTANT DISTRICT ATTORNEY: . . . According to my records, he should be facing sentencing today on ten E felonies. It's the State's position that he is career on those; six D felonies; four C felonies; and one A misdemeanor. And, again, according to the proof that we have submitted, he would be career on all those felonies.
>
> COURT: Including the C felonies?
>
> ASSISTANT DISTRICT ATTORNEY: Yes.
> . . .
>
> COURT: . . .Do you take issue to that, Mr. Johnson?

MR. JOHNSON: No, Your Honor, we have had an opportunity to count them and we counted them again this morning to make sure that we had them all covered. We do not take issue with that, Your Honor.[1]

COURT: So there's no question, then, that on his four C felonies he will receive 15 years at 60 percent; his six D felonies, 12 years at 60 percent in each one; and his ten E felonies, six years at 60 percent; and on the A misdemeanor, 11 months, 29 days is going to be the sentence on that based on his prior record. So the only question remaining is whether they are to be served concurrently or consecutively or some combination thereof.

At the conclusion of the hearing, the trial court found the Appellant to be a career offender for all class C, D, and E felony convictions. The record confirms the trial court's finding that the Appellant is a career offender with respect to the class D and E felonies.

With respect to class C felonies, a defendant may be sentenced as a "career offender," if he has "[a]ny combination of six (6) or more class A, B, or C prior felony convictions." Tenn. Code Ann. § 40-35-108(a)(1). Our review of the record indicates that the Appellant has only three prior class C felony convictions. See Appendix B. Because the Appellant was found to be a career offender for all class C felony convictions, no sentencing hearing was conducted as the maximum sentence for the offense was the only sentence available. Accordingly, on remand, a sentencing hearing will be necessary to determine the Appellant's appropriate sentence as a range III, persistent offender, with respect to the class C felonies.

At the conclusion of the sentencing hearing, the trial court initially imposed an effective sentence of "171 years and 11 months and 29 days." This sentence was later modified to "an effective sentence of 168 years, 11 months and 29 days, based upon the State's recalculat[ion]" of the sentences. On appeal, the Appellant asserts that he was sentenced to "168 years 11 months 29 days consecutive to 21 years for a total of 189 years and 29 days. The State, on appeal, contends that the trial court sentenced the Appellant "to serve an effective sentence of 162 years 11 months and 29 days." Our calculation from the record before us suggests the Appellant received an effective sentence of 141 years 11 months 29 days. See Appendix A. To further compound the confusion, the State announced at the sentencing hearing that the Appellant was entering 21 guilty pleas, *i.e.*, ten E felonies, six D felonies, four C felonies and one A misdemeanor. On appeal, the State asserts that the Appellant "pled guilty to at least 19 offenses." The State acknowledged, however:

---

[1]Generally, failure to timely object to an error at trial precludes review of the error on appeal. See Tenn. R. App. P. 36(a); see also Waterhouse v. Perry, 260 S.W.2d 176 (Tenn. 1953) (a party cannot complain of a situation as error when he, himself, created the situation). The error cannot be ignored or considered waived, however, when the error results in an illegal sentence. "[A] judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final." State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987) (citing State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

There are only 19 judgment forms in the technical record. (I, 1-47; 122-140). Based solely on those judgment forms, the State calculates that Anderson's effective sentence is properly calculated at 141 years, 11 months, 29 days, taking into consideration the concurrent and consecutive sentences on such judgment forms. If case numbers 97-09658 & 59 are two cases Anderson was previously tried and found guilty on, as indicated in page 8 of the sentencing hearing transcript, obviously they will not affect this sentence. However, if those case numbers are a part of this plea, as indicated on pp.2 and 3 of the sentencing hearing transcript, and the judgment forms were left out of the record, they could change the above calculation.

## CONCLUSION

For the foregoing reasons, we find that the Appellant's classification as a career offender for his class C felony convictions was error. Furthermore, we are unable to determine from the record the number of convictions entered in this case or the effective sentence arising from the convictions. Accordingly, we remand for clarification or correction of the respective sentences imposed and for resentencing with respect to the Appellant's class C felony convictions.

_____
DAVID G. HAYES, JUDGE

# APPENDIX A
## Current Offenses as Sentenced by the Trial Court
### (As grouped by the prosecutor at the sentencing hearing)

Group 1

| Case # | Date | Offense | Class | Sentence | Manner |
|--------|------|---------|-------|----------|--------|
| **97-01093** | 7-2-00 | Theft | D | 12 years | Consecutive |
| **97-01094** | 7-2-00 | Theft | D | 12 years | Consecutive |
| **97-01095** | 7-2-00 | Forgery | E | 6 years | Consecutive |
| **97-01096** | 7-2-00 | Forgery | D | 12 years | Consecutive |
| **97-01097** | 7-2-00 | Forgery | D | 12 years | Consecutive |

Group 2

| **97-06852** | 7-2-00 | Forgery | E | 6 years | Concurrent 97-06853 |
| **97-06853** | 7-2-00 | Forgery | E | 6 years | Concurrent 97-06852 |
| **97-06854** | 7-2-00 | Forgery | E | 6 years | Consecutive |
| **97-06855** | 7-2-00 | Forgery | D | 12 years | Consecutive |
| **97-06856** | 7-2-00 | Forgery | E | 6 years | Consecutive |
| **97-06857** | 7-2-00 | Theft | E | 6 years | Consecutive |

Group 3

| **97-08272** | 7-2-00 | Forgery | E | 6 years | Consecutive |
| **97-08273** | 7-2-00 | Forgery | D | 12 years | Consecutive |

Group 4

| 97-09654 | 7-2-00 | Theft | C | 15 years | Concurrent 97-09655 |
|----------|--------|-------|---|----------|---------------------|
| 97-09655 | 7-2-00 | Forgery | C | 15 years | Concurrent 97-09654 |
| 97-09656 | 7-2-00 | Forgery | E | 6 years | Consecutive |
| 97-09657 | 7-2-00 | Forgery | E | 6 years | Consecutive |
| 97-09660 | 7-2-00 | Forgery | E | 6 years | Consecutive |

Group 5

| 97-09924 | 7-2-00 | Possession Weapon | A misdemeanor | 11 months 29 days | Consecutive |
|----------|--------|-------------------|---------------|-------------------|-------------|

Prior convictions stemming from jury trial but occurring within the same time-frame as Groups 1 through 5

| 97-08497 | 12-3-99 | Forgery | E | 6 years | Consecutive |
|----------|---------|---------|---|---------|-------------|
| 97-08498 | 12-3-99 | Theft | C | 15 years | Consecutive |

**Prior Criminal History**

| Case # | Offense | Class |
|---|---|---|
| 93-01620 | Motor Vehicle - Habitual | E |
| 92-11377 | Theft over $1,000 | D |
| Illegible Case Number | Forgery | E |
| *** | Forgery | E |
| 92-11375 | Forgery over $500 | E |
| 92-11374 | Forgery over $500 | E |
| 92-11373 | Forgery over $500 | E |
| 92-02804 | Theft over $10,000 | C |
| 92-02803 | Theft over $1,000 | D |
| 90-12843 | Theft over $10,000 | C |
| 93-00146 | Theft over $1,000 | D |
| 90-13173 | Theft over $1,000 | D |
| 90-16350 | Forgery over $500 | E |
| 90-16351 | Forgery over $500 | E |
| 90-16352 | Forgery over $500 | E |
| 90-16353 | Forgery | E |
| *** 92-02802 | Indictment charges theft over $10,000 | C |
| Indiana Charge | Forgery | |

*** We did not consider these indictments, as no judgment sheets were found in the record to reflect whether a conviction was entered.