IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 21, 2026 Session

## ANDREW BETTIS AVIATION, LLC v. HOWARD WAYNE LANIER

**Appeal from the Chancery Court for Shelby County**
**No. CH-19-0224-2   James R. Newsom, Chancellor**

_____

**No. W2025-01094-COA-R3-CV**

_____

This appeal presents two issues: (1) whether Appellant preserved his evidentiary issues concerning the trial court's admission of video evidence in a jury trial, and (2) whether, following a bench trial, the trial court made sufficient findings under Rule 52.01 when rejecting Appellant's COBRA claim.  Because Appellant failed to include the evidentiary issues in a motion for new trial as required by Tennessee Rule of Appellate Procedure 3(e), and because Tennessee Rules of Appellate Procedure 13(b) and 36(b) are not applicable, we conclude that Appellant waived the evidentiary issues.  Further, because the trial court's order does not make sufficient findings, we cannot conduct a meaningful review of the COBRA issue, and we remand for compliance with Rule 52.01.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part; Vacated in Part; and Remanded**

STEVEN W. MARONEY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Matthew Wayne Willis and Grant T. Eison, Dyersburg, Tennessee, for the appellant, Howard Wayne Lanier.

William B. Ryan and Janelle Crandall Osowski, Memphis, Tennessee, for the appellee, Andrew Bettis Aviation, LLC.

## OPINION

### I. Background

#### A. Employment and Contract Terms

In 2018, Andrew Bettis Aviation, LLC, d/b/a AB Jets ("Appellee") hired Howard Wayne Lanier ("Appellant") as a pilot for its charter jet service. On July 16, 2018, the parties entered into an Employment Agreement (the "Contract"), which contemplated an employment period of July 17, 2018 through August 31, 2020. As part of the Contract, Appellee agreed to pay for Appellant's additional flight training. However, the Contract included the following language:

> If Employee terminates his/her employment prior to the end of the Term of this Agreement or is terminated by the Company for any reason prior to the end of the Term of this Agreement, . . . Employee shall be required to repay the Company in full for all training expenses incurred by Company during this Agreement period. Further, Employee shall also be required to fully reimburse Company for any and all expenses associated with residential re-location and initial and continuing annual flight training and education paid by Company.

### B. Termination and Video Evidence

Initially, the parties expected Appellant to operate from the Nashville flight base of operation (FBO). However, due to maintenance issues with aircraft, Appellee transferred Appellant to the Memphis FBO for a short period in early 2019. For pilots who did not reside in the area, Appellee provided a crew house in a residential neighborhood near the FBO. Appellant refused to work from Memphis, and Appellee terminated his employment on February 12, 2019.

Prior to termination, Appellant met with Appellee's Chief Pilot, Justin Hegemier, who made a video recording of the meeting without Appellant's knowledge. In that video, Appellant is recorded saying, "We're over there, parking [Appellee's] cars out in front of that [crew] house. We might as well be throwing watermelons out in the front yard, if you know what I'm talking about."

On February 15, 2019, Appellee filed a complaint for declaratory judgment and breach of contract in the Shelby County Chancery Court ("trial court"). Pursuant to the parties' Contract, Appellee sought to recover the training expenses it incurred on behalf of Appellant.

On May 2, 2019, Appellant filed thirteen counterclaims, including (as pertinent to this appeal) a claim for COBRA violation.[1] Specifically, Appellant alleged that "[Appellee] terminated [Appellant's employment] and did not comply with COBRA

---

[1] COBRA stands for Consolidated Omnibus Budget Reconciliation Act of 1985, a federal law that allows employees to continue their employee-sponsored group health insurance for a limited period after the occurrence of a qualifying event.

notification requirements[.]"[2]

On September 13, 2023, Appellant filed a motion in limine seeking to exclude Mr. Hegemier's video, *supra.* Appellant argued that the video evidence was inadmissible under Tennessee Rule of Evidence 403 because the probative value of "racially insensitive comments allegedly made by [Appellant] . . . is substantially outweighed by the danger of unfair prejudice, could mislead the jury, is a waste of time, and is a needless presentation of cumulative evidence." Appellant maintained that, "[i]f the [Appellee] is allowed to present evidence of the alleged racially insensitive comments, then the jury could base their decision purely on emotional grounds." Appellant also argued that the video evidence "should be inadmissible . . . pursuant to Tennessee Rule of Evidence 404, in that a person's character or trait of character is not admissible to prove a person's conduct." The record does not indicate that the trial court ruled on Appellant's motion in limine before the case was tried to a jury beginning October 28, 2024.

### C. Jury Trial Proceedings

During the jury trial, Appellee introduced the disputed video evidence and proceeded to ask questions about what Appellant's statement regarding watermelons meant, at which point Appellant's counsel objected. A bench conference was held; the trial court stated that the "possibility of prejudice is something that the Court has to take into consideration here," but it did not specifically exclude the evidence. Thereafter, Appellant's counsel continued to lodge objections to Appellee's line of questions concerning the video. The trial court sustained all of the objections.

While the jury was out, Appellant voluntarily non-suited several of his counterclaims. Appellee moved for a directed verdict on Appellant's remaining counterclaims, and the trial court denied the motion. On October 29, 2024, the jury returned a verdict in favor of Appellee on its breach of contract claim and awarded damages in the amount of $13,760.00. The jury found against Appellant on his counterclaims for negligent misrepresentation, and fraud in the inducement.

### D. COBRA Bench Trial

Following the jury portion of the trial, the trial court proceeded to a bench trial on Appellant's COBRA claim, the last of his remaining counterclaims. Appellant testified

---

[2] Appellant filed an amended answer and counterclaim on May 3, 2019, that "correct[ed] the number of months referenced" in the paragraph addressing how long he worked for Appellee. The amended answer and counterclaim did not substantively alter Appellant's COBRA violation claim. On December 9, 2022, Appellant filed a motion to amend his first amended answer and counterclaim, which attached as an exhibit a proposed second amended answer and counterclaim that did not substantively alter or amend Appellant's COBRA claim. However, the record does not include any order granting the December 9, 2022 motion to amend.

that he had insurance through [Appellee], and that his first notice that his "insurance was terminated and the COBRA benefits were available" to him was by letter dated May 7, 2019. Appellant also testified that he was never "told by the company that [his] medical was, in fact, canceled on February the 11th . . . [.]" Instead, he first learned that his insurance was terminated when his "wife took one of [his] twin boys to the doctor and [the doctor] said [Appellant and his family] didn't have insurance." Thereafter, Appellant's family enrolled in his wife's employer-provided health insurance plan. In short, Appellant never elected COBRA benefits. By the time he received the May 7th letter from Appellee's insurance administrator, he and his family were enrolled in his wife's plan.

Several documents were introduced during the bench trial. One was an email chain dated Monday, February 11, 2019 (the same day Appellant's employment was terminated). At 11:12 a.m. on February 11, 2019, Appellee's Chief Financial Officer, Mark Strickland, sent an email to a representative of Appellee's insurance administrator. The email stated, "Please terminate Wayne Lanier . . . from our health insurance plan." After a series of emails, Mr. Strickland replied, "Wayne Lanier has been terminated from all benefits." Evidence was also admitted, showing that coverage for Appellant's children was terminated.

The trial court also received a copy of the letter sent to Appellant from Ameriflex COBRA Department, dated May 7, 2019 (five days after Appellant filed his counterclaim alleging failure to comply with COBRA notification requirements). That letter stated:

> On 2/28/2019, you experienced an event of a/an Termination which constitutes a qualifying event under the [Appellee]. . . group health plan(s). As a result, your coverage, and that of your covered dependent(s) . . . will end on the date(s) set forth on the COBRA Continuation Election Form accompanying this letter.

The referenced COBRA Continuation Election Form stated, among other things, "To continue coverage, you must complete and submit this election form to Ameriflex no later than the Election Period End date ("Last Day To Elect") listed below." The COBRA Continuation Election Form went on to list the "Last Day To Elect" as July 6, 2019.

On June 24, 2025, the trial court entered an order on the jury verdict. The order also adjudicated Appellant's COBRA claim, which was tried by the court. As to the COBRA claim, the trial court found "that [Appellant] has not established his entitlement to penalties and attorney's fees against [Appellee] as [Appellee] did not violate [Appellant's] rights under COBRA." The order allowed Appellee "14 days from the date of entry of this Order to file its motion for attorney's fees and costs."

On June 30, 2025, Appellee filed a motion for attorney's fees and costs pursuant to the parties' Contract. By order of September 4, 2025, the trial court granted Appellee's

motion, awarding it $34,516.41 in attorney's fees and reasonably incurred expenses, for a total judgment of $48,276.41. Appellant appeals.

## II. Issues

Appellant presents the following issues for review as stated in his brief:

1. Whether the trial court abused its discretion by admitting video evidence that included unduly prejudicial content.
2. Whether it was harmless error for the trial court to admit the video which included unduly prejudicial content.
3. Whether the trial court erred in ruling that [Appellee] did not breach its obligations to [Appellant] pursuant to COBRA.

## III. Analysis

## A. Video Evidence

As an initial matter, Appellee asserts that Appellant waived his first two issues concerning the admission of the video evidence because he failed to raise those issues in a motion for new trial. We agree.

Tennessee Rule of Appellate Procedure 3(e) provides, in relevant part, "that in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . or other action committed or occurring during the trial of the case . . . unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived." Tenn. R. App. P. 3(e). This Court has explained that "[a] motion for a new trial is considered an important step of post-trial and appellate procedure in jury cases. It specifically affords the trial judge the opportunity to consider or reconsider alleged errors committed during the course of trial or other matters affecting the jury verdict." *Cortez v. Alutech, Inc.* 941 S.W.2d 891, 894 (Tenn. Ct. App. 1996) (citing *McCormic v. Smith*, 659 S.W.2d 804, 806 (Tenn. 1983)). As the Tennessee Supreme Court has instructed: "In all civil cases tried to a jury, any ground not cited in [a] motion for new trial has been waived for the purposes of appeal." *Waters v. Coker*, 229 S.W.3d 682, 689 (Tenn. 2007) (citing *Boyd v. Hicks*, 774 S.W.2d 622, 625 (Tenn. Ct. App. 1989)). This is true even if the issue was raised in a pre-trial motion. *Pajazetovic et al v. Baker*, M2024-00372-COA-R3-CV, 2025 WL 3095590 at *4 (Tenn. Ct. App. Nov. 6, 2025) ("This Court has held that where a pre-trial motion relates to the admission or exclusion of evidence, a motion for new trial is required to preserve the issue on appeal."). Here, Appellant did not file a motion for new trial and so failed to comply with the mandates of Tennessee Rule of Appellate Procedure 3(e).

Despite the lack of a motion for new trial, Appellant urges this Court to exercise its

discretion under Tennessee Rule of Appellate Procedure 36(b) to review the admission of the video evidence for plain error. As this Court has recently explained, "the proper lens to determine whether to address a waived issue in a civil appeal [is] under Rule 13(b) and 36(b) of the Tennessee Rules of Civil Procedure." *Pajazetovic*, 2025 WL 3095590, at \*5 (citing *In re Tenn. Bonding Co.*, No. W2024-01063-CCA-R3-CD, 2025 WL 1883602, at \*16 (Tenn. Crim. App. July 8, 2025); *Lance v. Owner's Ins. Co.*, No. E2015-00274-COA-R3-CV, 2016 WL 3092818 at \*14 (Tenn. Ct. App. May 25, 2016)). Although Appellant invoked only Rule 36(b) and not Rule 13(b), we consider both rules here as they bear on the limited circumstances under which this Court may review issues not properly preserved below. Nothing in this case fits those limited circumstances.

"Rule 13(b) provides this Court with the discretion to consider issues not properly presented for review 'in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process.' Tenn. R. App. P. 13(b)." *Pajazetovic*, 2025 WL 3095590 at \*5. None of these listed circumstances are present here. As in *Pajazetovic*, Appellant's arguments concern "run-of-the-mill evidentiary issues" and amount to an attempt "to avoid the clear application of Rule 3€." *Id*. Reviewing such routine evidentiary complaints would not prevent needless litigation nor protect the public or the judicial process. "We do not believe [Rule] 13(b) was designed for circumstances such as these. Otherwise, there would be absolutely no reason for the adoption of [Rule] 3€." *Id*. (footnote omitted) (citing *Mason v. Tenn. Farmers Mut. Ins. Co.*, 640 S.W.2d 561, 563-64 (Tenn. Ct. App. 1982)).

Rule 36(b) is equally unavailing. That rule allows review of a waived issue only when "necessary to do substantial justice" and when the alleged error affected a party's "substantial rights." Tenn. R. App. P. 36(b). *Pajazetovic*, 2025 WL 3095590 at \*5. Tennessee courts have not treated arguments under Rule 403—such as claims of unfair prejudice—as the type of structural or constitutional errors that implicate substantial rights within the meaning of Rule 36(b). Here, Appellant cites no case in which Rule 36(b) (or Rule 13(b)) has been applied to reach an unpreserved evidentiary ruling of this nature.[3]

Moreover, Appellant fully litigated the evidentiary questions in the trial court, and the trial court sustained each of his objections to the questions stemming from the video evidence. Each ruling at issue is discretionary, and such decisions are "less likely to be reversed even if we were to reach their merits." *State ex rel. Jones v. Looper*, 86 S.W.3d

---

[3] In his reply brief, Appellant argues that the "erroneous admission of evidence is the initial error which triggers the power vested in this Court through" Tennessee Rule of Appellate Procedure 36(b). However, the cases Appellant cites in support of his argument are inapposite. *Lance*, 2016 WL 3092828, dealt not with an evidentiary admission question, but rather with the trial court's jury charge. *In re Estate of Smallman*, 398 S.W.3d 134 (Tenn. 2013), concerned a case in which a motion for new trial was properly filed, unlike here. *See*, *Estate of Smallman v. Caraway*, 2011 WL 6144365 (Tenn. Ct. App. 2011). *State v. McCaleb*, 582 S.W.3d 179, 189 (Tenn. 2019), addressed an interlocutory appeal, not touching the question of failure to properly preserve an issue by moving for a new trial.

189, 193 (Tenn. Ct. App. 2000).  Appellant offers no explanation for failing to file the motion for new trial that Rule 3€ plainly requires.

In ***Pajazetovic***, we rejected an argument similar to the one Appellant makes here, noting:

> We decline to dilute Rule 3(e)'s motion for new trial requirement simply because Appellant has clothed his basic evidentiary arguments in terms of fundamental rights. As such, we decline to exercise our discretion to address Appellant's evidentiary issues that were not properly presented to the trial court in a motion for new trial. The jury's verdict must therefore be affirmed.

***Pajazetovic***, 2025 WL 3095590, at *6 (footnote omitted). We reach the same conclusion here.  Because neither Rule 13(b) nor Rule 36(b) provides a path to circumvent Rule 3(e), we conclude that Appellant waived the evidentiary issues for failure to include them in a motion for new trial, and the jury's verdict must be affirmed.

## B.  COBRA Claim

As to the COBRA violation issue, the trial court heard this claim without a jury.  As such, we review the trial court's findings of fact "de novo upon the record," with a presumption of correctness "unless the preponderance of the evidence is otherwise."  Tenn. R. App. P. 13(d).  Unfortunately, in this case, the trial court's order is insufficient to allow meaningful review.

Concerning Appellant's COBRA claim, the trial court's order states only that,

> [h]aving received and evaluated all of the evidence and proof at trial on this claim, having considered and reviewed post-trial briefs submitted by the parties, and having heard oral argument by the parties as well, the Court finds that [Appellant] has not established his entitlement to penalties and attorney's fees against [Appellee] as Appellee did not violate [Appellant's] rights under COBRA. Therefore, the Court finds in favor of [Appellee] on [Appellant's] COBRA claim.

Although the trial court references the "evidence and proof at trial," it does not analyze that evidence and proof against the COBRA requirements.

Tennessee Rule of Civil Procedure 52.01 states, "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment."  Tenn. R. Civ. P. 52.01.  This Rule is necessary to ensure that reviewing courts are able to review "the steps by which the trial court reached its ultimate conclusion on each factual issue."  ***Shelby***

***County v. Delinquent Taxpayers 2018***, No. W2023-00446-COA-R3-CV, 2024 WL 1944737 at \*2 (Tenn. Ct. App. May 3, 2024) (quoting ***Lovelace v. Copley***, 418 S.W.3d 1, 35 (Tenn. 2013)). As we have explained, "[i]t is this Court's purview to review, not assume or speculate. Without any facts in the trial court's order, we are forced to guess at the rational[e] the trial court used in arriving at its decision. This we cannot do." ***Lugo v. Lugo***, No. W2020-00312-COA-R3-CV, 2021 WL 507889, at \*5 (Tenn. Ct. App. Feb. 10, 2021) (quoting ***Harthun v. Edens***, No. W2015-00647-COA-R3-CV, 2016 WL 1056960, at \*2 (Tenn. Ct. App. Mar. 17, 2016)).

While "[t]here is no bright-line test for assessing the sufficiency of the trial court's factual findings[,]" it is clear that a trial court cannot meet the Rule 52.01 mandate by "[s]imply stating [its] decision, without more[.]" ***In Re Houston D.***, 660 S.W.3d 704, 721 (Tenn. Ct. App. Aug. 16, 2022) (internal citations omitted). "One remedy appellate courts typically apply when a trial court's factual findings fail to satisfy the Rule 52.01 requirement is to remand the case to the trial court with directions to issue sufficient findings and conclusions." ***Lovelace***, 418 S.W.3d at 36.

Although, as discussed above, the trial court heard testimony and received evidence concerning the COBRA claim, it failed to analyze this proof in its final order. Rather, the trial court merely concluded that the Appellant "has not established his entitlement to penalties and attorney's fees against [Appellee] as Appellee did not violate [Appellant's] rights under COBRA." While we know the trial court's conclusion, its order leaves us to ponder "the steps by which the trial court reached its ultimate conclusion . . . ." ***Shelby County***, 2024 WL 1944737 at \*2. Because the trial court's order fails to comply with Tennessee Rule of Civil Procedure 52.01, we remand the case for entry of an order containing sufficient findings regarding Appellant's COBRA claim.

### IV. Frivolous Appeal

As a final matter, Appellee asks for an award of appellate attorney's fees under Tennessee Code Annotated section 27-1-122, which provides:

> [w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. Whether this Court awards damages for a frivolous appeal lies solely within our discretion. ***Young v. Barrow***, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003). Although we exercise this discretion "'sparingly so as not to discourage legitimate appeals,'" ***Eberbach v. Eberbach***, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting ***Whalum v. Marshall***, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)), "'[s]uccessful litigants should not

have to bear the expense and vexation of groundless appeals.'" *Whalum*, 224 S.W.3d at 181 (quoting *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977)). Although Appellant's evidentiary issues were waived, his COBRA argument required meaningful analysis not present in the trial court's order; accordingly, the appeal was not frivolous. Based on our review of the record, and in the exercise of our discretion, we decline to award damages on the basis of frivolous appeal.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order on the jury verdict and its award of attorney's fees and costs to Appellee. Because the order does not contain sufficient findings, we vacate the portion of the order denying Appellant's COBRA claim. Appellee's request for frivolous appeal damages is denied. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion, including, but not limited to, entry of an order containing sufficient findings addressing Appellant's COBRA claim as required under Tennessee Rule of Civil Procedure 52.01. Costs of the appeal are assessed one-half to the Appellant, Howard Wayne Lanier, and one-half to the Appellee, Andrew Bettis Aviation, LLC. Execution for costs may issue if necessary.

s/ Steven W. Maroney
STEVEN W. MARONEY, JUDGE