**Roy A. DEVINCENZI and Richard L. Richmond, Appellants,**

v.

**Michael WRIGHT, d/b/a Mike's Mechanics, Appellee.**

No. S–5517.

Supreme Court of Alaska.

Oct. 21, 1994.

A. Lee Petersen, Anchorage, for appellants.

R.R. DeYoung, Wade & DeYoung, Anchorage, for appellees.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ., BRYNER, J. pro tem.*

*OPINION*

BRYNER, Justice pro tem.

Roy Devincenzi and Richard Richmond appeal the dismissal of their case and an award of costs and attorney's fees against them. Devincenzi and Richmond challenge the rulings that led to the dismissal: an order denying their trial counsel's motion to withdraw

* Sitting by assignment made under article IV, sec-   tion 16 of the Alaska Constitution.

and an order denying Devincenzi and Richmond a continuance of trial. We reverse and remand for further proceedings.

## I. FACTS AND PROCEEDINGS

On December 3, 1990, Roy A. Devincenzi and Richard L. Richmond filed a complaint against Michael Wright, d/b/a Mike's Mechanics.[1] The complaint alleged negligence in connection with an airplane crash.

During the course of discovery, Devincenzi and Richmond, through their attorney, Roger A. McShea, failed to comply with a number of discovery requests and orders; two of the violations resulted in sanctions.[2] Devincenzi and Richmond violated a number of the pretrial order requirements as well. These violations included: (1) filing the preliminary witness list ten days after it was due; (2) failing to file an expert witness list; (3) failing to file a final witness list; (4) failing to respond to Wright's counsel's request to exchange copies of all exhibits and exhibit lists and stipulate as to their admissibility; and (5) failing to file the trial brief.[3]

On September 28, 1992, one week before trial was scheduled to commence, McShea filed a motion to withdraw as Devincenzi's and Richmond's counsel, citing his inability to try the case due to an injury from a recent automobile accident. Also on September 28, Devincenzi and Richmond filed, on their own behalf, a motion for continuance of trial. In support of this motion they alleged that it had become necessary for them to dismiss McShea, citing his failure to provide them with relevant information and perform functions pertinent to their representation.

Wright opposed the requested continuance. On September 30, 1992, Superior Court Judge Peter A. Michalski entered orders simultaneously denying McShea's motion to withdraw as counsel and Devincenzi's and Richmond's motion for continuance.

· On October 2, 1992, the day before trial, Richmond, purportedly acting on behalf of Devincenzi and himself, entered into a stipulation for dismissal of the complaint with prejudice. The stipulation, prepared by Wright's counsel, who had contacted Richmond directly, contained the following provision:

The Court shall retain jurisdiction over this action for the purposes of determining the extent to which Defendant Wright is entitled to recover his costs, attorney's fees and other relief, as prayed for in his Answer to the Complaint.

The trial court entered an order of dismissal that same day, October 2.

Also on October 2, at 3:55 p.m., McShea filed a motion to disqualify Judge Michalski for cause. Judge Michalski did not see this motion until three days later. At that time, the Judge denied McShea's disqualification motion but vacated the court's earlier order denying McShea's motion to withdraw as counsel. In so doing, Judge Michalski noted that the October 2, 1992, stipulation of dismissal was dispositive of the case.

On October 29, 1992, Devincenzi, acting pro se, filed a pleading objecting to any award of costs or attorney's fees against himself, complaining that "Mr. Richmond did not have [Devincenzi's] authority to sign for a dismissal which provided for either side's

1. Dennis Cooley and the Federal Deposit Insurance Corporation (FDIC) were also originally named as defendants. Devincenzi and Richmond subsequently dismissed as to Cooley and the FDIC; however, those dismissals are not at issue here.

2. On February 7, 1992, after Devincenzi and Richmond failed to comply with a "Second Request for Production of Documents," Wright filed a Motion to Compel Discovery. On March 5, 1992, the court entered an order compelling production and awarded Wright $395.50 for reasonable attorney's fees in obtaining the order. Despite a promise by McShea to pay the sanction, no payment had been made by May 19, when

Wright moved for an order for sanctions regarding this failure to pay. The court granted the motion on June 11, 1992, sanctioning McShea an additional $250.

3. Devincenzi's and Richmond's case was further weakened by their counsel's failure to file a response to Wright's Motion to Determine Rule of Law regarding the admissibility of the National Transportation Safety Board's aircraft accident investigation report. Earlier in the litigation, it had been established that the report did not expressly use the word "negligence" or mention Wright in connection with the airplane accident. The court subsequently entered an order precluding admission of the report at trial.

recovering costs and attorneys' fees." Wright filed his Motion for Attorney's Fees and Costs on November 23, 1992. On January 7, 1993, the court entered judgment against Devincenzi and Richmond based on the stipulation for dismissal and awarded costs and attorney's fees against both Devincenzi and Richmond.[4]

Devincenzi and Richmond appeal from this final judgment, asserting that the trial court erred in (1) denying McShea's motion to withdraw as counsel; (2) denying their motion to continue the trial; (3) dismissing the case on the basis of a stipulation signed by Richmond without benefit of counsel at a time when they were represented by counsel, and without authorization by Richmond's co-plaintiff, Devincenzi; (4) failing to grant McShea's motion for disqualification of Judge Michalski; and (5) awarding costs and attorney's fees.

## II. DISCUSSION

A. *Denial of McShea's Motion to Withdraw as Counsel*

■ Alaska Civil Rule 81(d)(1) provides:

An attorney who has appeared for a party in an action or proceeding may be permitted to withdraw as counsel for such party only as follows:

. . . .

(iii) Where the party expressly consents in open court or in writing to the withdrawal of his attorney and the party has provided in writing or on the record a current service address and telephone number.

McShea filed a pleading entitled "Withdrawal of Attorney Pursuant to Rule 81(d)(1)(iii)," which stated that Devincenzi and Richmond

"consent to the withdrawal of McShea as counsel pursuant to Rule 81(d)(1)(iii) of the Civil Rules of Court, and *move* for the Court's approval thereof." (Emphasis added.) The pleading fully complied with the requirements of Rule 81(d)(1)(iii): it provided a current service address and telephone number for Devincenzi and incorporated statements of consent to withdrawal signed by both Devincenzi and Richmond.

In denying McShea's motion to withdraw as Devincenzi's and Richmond's counsel, the superior court merely stated that "McShea's attempted withdrawal from this case has not been properly presented to the Court." The court did not explain why McShea's motion was not "properly presented" or give any other reason for denying the motion.

Based on the record before us, we find that the trial court erred in determining that McShea's motion to withdraw as counsel was not "properly presented." Since this was the sole basis relied on by the trial court for denial of the motion to withdraw, and since we are aware of no other ground supporting the trial court's ruling,[5] we must further conclude that the trial court abused its discretion in denying McShea's motion to withdraw as counsel.

■ The trial court's erroneous denial of McShea's motion to withdraw unquestionably affected its simultaneous decision to deny Devincenzi's and Richmond's motion for a continuance of trial, which had been filed in anticipation of McShea's withdrawal and was exclusively based on the situation that was expected to result from their being left without counsel on the eve of trial. Having denied withdrawal, the court had no occasion to consider the merits of the requested continuance. Because the court's order denying the

---

4. The court awarded Wright attorney's fees of $7634, paralegal costs of $8,442.50, and other costs of $595.10.

5. Wright cites no authority supporting the proposition that the trial court had discretion to deny a properly executed motion to withdraw that was filed by retained counsel in a civil case and was based upon the express consent of the client. On appeal, Wright nonetheless argues that the trial

court correctly found that McShea's "Withdrawal of Attorney Pursuant to Rule 81(d)(1)(iii)" was not "properly presented" because it was in effect a notice of withdrawal rather than a motion for withdrawal. However, in advancing this argument, Wright disregards the fact that McShea's pleading expressly stated that Devincenzi and Richmond "move for the Court's approval" of the withdrawal.

motion to continue was predicated on its erroneous denial of McShea's motion for withdrawal, denial of the motion to continue likewise amounted to an abuse of discretion.[6]

Based on a review of the entire record, we are left with a "definite and firm conviction" that the trial court erred in its ruling, and thus, we reverse the superior court's entry of final judgment against Devincenzi and Richmond.[7]  *See Betz v. Chena Hot Springs Group*, 742 P.2d 1346, 1348 (Alaska 1987).

## III. CONCLUSION

We REVERSE the superior court's order entering final judgment against Devincenzi and, consequently, REVERSE its award of attorney's fees and costs to Wright. We REMAND this case to the superior court with instructions to proceed with the litigation, placing the parties in a position as close as possible to the position they were in at the time the superior court erroneously denied McShea's motion to withdraw.[8]

---

6. We do not suggest that the superior court would have abused its discretion had the court denied the motion on its merits after allowing McShea to withdraw. To the contrary, a party's decision to dismiss retained counsel on the eve of trial should not *ipso facto* entitle the party to a continuance. *Barrett v. Gagnon*, 516 P.2d 1202, 1203 (Alaska 1973). Our decision is narrowly based on the fact that the court's erroneous disposition of the motion to withdraw adumbrated its denial of the continuance, making it unnecessary for the court to rule on the merits thereof. Under the peculiar circumstances of this case, denial of the motion to continue simply did not involve a discretionary act.

7. As this issue is dispositive of the case, we need not address Wright's other arguments.

8. It is, of course, unrealistic to expect that the parties could be returned to the precise situation existing before McShea's motion to withdraw was submitted. We emphasize, however, that our decision reversing the judgment in this case should not be construed as being intended to give Devincenzi and Richmond a procedural advantage that they would not have enjoyed had McShea been allowed to withdraw on the eve of trial. Specifically, nothing in this decision should be construed to vitiate any of the pretrial sanctions originally ordered by the superior court or to require that the superior court reopen pretrial discovery.