IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2018 Session

## GARY LEE ODOM v. RACHEL LEA ZAMATA ODOM

**Appeal from the Circuit Court for Davidson County**
**No. 15D-195 Phillip R. Robinson, Judge**

_____

### No. M2018-00405-COA-R3-CV

_____

Two days before the parties' divorce trial, wife discharged her attorney. Her attorney then moved to withdraw. One day before trial, wife moved pro se for recusal of the trial judge. On the morning of trial, the court denied the wife's recusal motion and granted her attorney's motion to withdraw. Wife was not present. After confirming that wife had notice of the date, the court proceeded with the trial. In the final decree, the court granted husband a divorce, classified and divided the marital property, and awarded husband a portion of his attorney's fees. On appeal, we conclude that the trial court did not err in denying wife's recusal motion, allowing her attorney to withdraw, or conducting the trial in her absence. But the court did err in awarding husband attorney's fees as alimony in solido. So we reverse the court's award of attorney's fees as alimony in solido. In all other respects, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in
Part and Reversed in Part**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Martin Sir and Ellison M. Berryhill, Nashville, Tennessee, for the appellant, Rachel Lea Zamata Odom.

Jacqueline B. Dixon, Nashville, Tennessee, for the appellee, Gary Lee Odom.

# OPINION

## I.

### A.

After almost seven years of marriage, Gary Lee Odom ("Husband") sought a divorce from Rachel Lea Zamata Odom ("Wife") in the Circuit Court for Davidson County, Tennessee. This was Husband's second marriage and Wife's first. The union produced no children.

At the time of trial, Husband was 66 and Wife, 33. Husband was employed as executive director of two medical associations. Wife owned a law practice with offices in Tennessee, New York, and Washington, D.C. Wife obtained her law degree during the marriage; Husband paid for Wife to attend law school.

This divorce proceeding was characterized by ongoing discovery issues. Obtaining even the most basic information from Wife proved difficult, if not impossible. Husband's first two motions to compel were resolved by agreed order. But after Wife failed to comply with the agreed orders, Husband filed another motion to compel and/or for sanctions. This time, the court ordered Wife to produce the requested information, but reserved the issue of sanctions for trial. After Wife also refused to answer questions at her deposition, the court ordered Wife to answer the questions at her reconvened deposition. Again, the court reserved the issue of sanctions for trial. When Wife remained uncooperative, Husband filed a fifth motion to compel and/or for sanctions and/or for civil contempt.

On August 4, 2017, the court held another discovery hearing. As the hearing progressed, the court became increasingly frustrated with Wife's responses. The court summarily held Wife in criminal contempt and sentenced her to three days in jail. Wife sought an interlocutory appeal of the criminal contempt finding. And this Court affirmed, concluding that the evidence supported "the trial court's determination that Ms. Odom willfully disobeyed the directive of the court." *Odom v. Odom*, No. M2017-01702-COA-R3-CV, 2018 WL 3532080, at *8 (Tenn. Ct. App. July 23), *perm. app. denied*, (Tenn. Dec. 6, 2018).

Also at the August 4 hearing, the court scheduled the divorce trial for three days in December. Wife was also ordered to provide additional documentation about her law practice within thirty days. The court again reserved the issues of discovery sanctions and attorney's fees until the final hearing.

On November 22, 2017, Wife moved to continue the trial until after her interlocutory appeal was resolved. At an emergency telephone conference on November 30, 2017, the court denied her request. The divorce trial remained scheduled to begin on December 5 at 9 a.m.

B.

On Sunday, December 3, at 6:40 p.m., Wife, acting pro se, faxed a notice to the circuit court clerk captioned "Notice of Attorney Notice to Withdraw." In her filing, Wife stated that her attorney "was very rude and unprofessional" during a telephone conversation that day and "will be, upon his request and the necessity of the situation, relieved of his duties as Attorney for Wife in this divorce matter going forward."

Both parties filed pretrial briefs on December 4. Wife filed her pretrial brief pro se. It is apparent from Wife's filing that she was aware of the pending trial date, but expected the trial to be postponed because of her attorney's withdrawal. But she never requested a continuance.

Later that day, Wife's attorney, Mr. Richard Hedgepath, moved to withdraw. He sent a copy of his motion to Wife and to Husband's attorney. He supported his motion to withdraw with Wife's previously-filed notice.

Wife did not respond to her attorney's motion. Rather, at 10:37 p.m. that night, she faxed a motion for voluntary recusal of the trial judge to the circuit court clerk. Wife contended that the trial judge was disqualified "because of strongly held personal biases that he has exhibited during this Divorce Trial, beginning with the August 4, 2017, hearing and continuing thereafter."

When court convened on December 5, only Husband, Husband's attorney, and Mr. Hedgepath were present. The court first addressed Wife's recusal motion. Although Wife was represented by counsel and technically prohibited from filing a pro se recusal motion, the court considered her request. *See* Tenn. R. Sup. Ct. 10B § 1.01 ("A party who is represented by counsel is not permitted to file a pro se motion under this rule."); Tenn. 20th J. Dist. Local R. § 5.02 ("No attorney may be allowed to withdraw except for good cause and by leave of court upon motion after notice to all parties."). Finding no basis for disqualification, the court denied Wife's motion.

Mr. Hedgepath then announced that he had been discharged over the previous weekend and could no longer represent Wife. The court found that neither his motion to withdraw nor Wife's notice specified that the attorney had been discharged. But the court allowed him to submit an amended motion to withdraw accompanied by a personal affidavit explaining that he was discharged by Wife. After verifying that Mr. Hedgepath

3

had provided Wife with a copy of the amended motion and affidavit, the court allowed Mr. Hedgepath to withdraw.

The court then sua sponte raised the issue of whether to postpone the trial. The court confirmed that Wife was aware of the pending trial when she discharged her attorney. Because the case had been pending for well over two years, all parties had notice of the trial date, and there was no justifiable basis for a continuance, the court decided to proceed with trial as scheduled. Husband was the only witness.

## C.

The day after the trial, Wife, still pro se, moved to set aside or amend the court's order allowing her attorney to withdraw. Wife maintained that Mr. Hedgepath had abandoned her on the eve of trial. But she did not support her version of events with any evidence, such as an affidavit. And she did not explain why she was absent on the first day of trial. The court denied her motion.

In the final divorce decree, the court granted Husband a divorce on the ground of inappropriate marital conduct. And after considering the applicable statutory factors, the court classified, valued, and divided the marital property. Husband received a disproportionately larger share of the marital estate based on the relatively short duration of the marriage, the separate property each spouse brought to the marriage, Husband's financial contributions to the marriage, and Wife's dissipation of marital assets. The court also awarded Husband $38,416 in attorney's fees and discretionary costs.

Wife moved to set aside or amend the final decree. She contended that the factual findings in the decree were based solely on Husband's testimony and he had either lied at trial or been intoxicated. The court also denied this motion.

## II.

In this appeal, Wife has not directly challenged the trial court's division of the marital estate. Rather, she contends the trial court erred in denying her recusal motion, granting her attorney's motion to withdraw, and proceeding with the scheduled trial. She asserts that the trial court's actions, "when taken in totality, resulted in a generalized violation of [her] Due Process rights." She also argues that the trial court erred in ordering her to pay a portion of Husband's attorney's fees. For his part, Husband seeks an additional award of attorney's fees on appeal.

### A. RECUSAL

We begin with the trial court's denial of Wife's recusal motion. We review a trial judge's ruling on a recusal motion de novo. Tenn. Sup. Ct. R. 10B § 2.01. In Tennessee,

4

litigants "have a fundamental right to a 'fair trial before an impartial tribunal.'" *Holsclaw v. Ivy Hall Nursing Home, Inc.*, 530 S.W.3d 65, 69 (Tenn. 2017) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see* Tenn. Const. art. VI, § 11. Under the Code of Judicial Conduct, a judge must "disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Tenn. Sup. Ct. R. 10, Rule 2.11(A). "[T]he test for recusal is an objective one . . . ." *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008). Recusal is required "when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). The decision to recuse is vested in the judge's discretion. *State v. Hester*, 324 S.W.3d 1, 72 (Tenn. 2010).

But the right to question the trial court's impartiality may be waived. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). The party seeking recusal must file the recusal motion "promptly after the facts forming the basis for the motion become known." *Id.* The "rule [is] that a party must complain and seek relief immediately after the occurrence of a prejudicial event and may not silently preserve the event as an 'ace in the hole' to be used in event of an adverse decision." *Gotwald v. Gotwald*, 768 S.W.2d 689, 694 (Tenn. Ct. App. 1988) (quoting *Spain v. Connolly*, 606 S.W.2d 540, 543 (Tenn. Ct. App. 1980)).

We conclude that Wife waived her right to challenge the judge's impartiality in this case. Her accusations of judicial bias stem directly from the August 4 hearing. According to her affidavit, she is "uncomfortable and afraid of appearing before Judge Robinson again, based on the experience that [she] was forced to endure on August 4, 2017." But she waited four months to seek recusal. Instead of promptly seeking redress, she continued to participate in the divorce proceedings and only filed her motion when it appeared trial was unavoidable.

Even if the issue was not waived, Wife failed to provide sufficient evidence that would give a person of ordinary prudence in the judge's position a reasonable basis for questioning the judge's impartiality. *See Davis v. Tenn. Dep't of Emp't Sec.*, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999) (on petition for rehearing) (requiring parties who challenge a judge's impartiality to come forward with "some evidence"); *see also* Tenn. Sup. Ct. R. 10B § 1.01. In the trial court, Wife pointed to the court's criminal contempt finding at the August 4 hearing and subsequent refusal to set aside the contempt finding or to grant her a continuance during her interlocutory appeal as evidence of bias. But adverse rulings, even multiple adverse rulings, without more, do not establish bias. *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012). On appeal, she also contends that the trial court "advise[d] wife's counsel on the proper way to withdraw on the day of trial" and then granted the motion, "leaving Wife . . . defenseless at the divorce trial."

5

But, as more fully explained below, we find no error, much less bias, in the trial court's grant of Mr. Hedgepath's motion to withdraw.

### B. MOTION TO WITHDRAW

The grant or denial of a request to withdraw as counsel is a matter addressed to the court's discretion. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982); *Devincenzi v. Wright*, 882 P.2d 1263, 1265 (Alaska 1994); *In re Franke*, 55 A.3d 713, 720 (Md. Ct. Spec. App. 2012); *Williams v. Bank One, Texas, N.A.*, 15 S.W.3d 110, 114 (Tex. App. 1999); *Kingdom v. Jackson*, 896 P.2d 101, 103 (Wash. Ct. App. 1995). Our review of discretionary decisions is limited. *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009). We do not "second-guess the court below" or "substitute [our] discretion for the lower court's." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). In reviewing discretionary decisions, we consider "(1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions." *Id.* We "review the underlying factual findings using the preponderance of the evidence standard . . . and . . . the lower court's legal determinations de novo without any presumption of correctness." *Id.* at 525.

The trial court properly considered the principles embodied in the Rules of Professional Conduct when evaluating Mr. Hedgepath's motion to withdraw. *See, e.g.*, *Zagorski v. State*, 983 S.W.2d 654, 660 (Tenn. 1998); *State v. Branam*, 855 S.W.2d 563, 566 (Tenn. 1993); *Prince v. Campbell*, No. 01A01-9806-CV-00276, 1999 WL 51844, at *2 (Tenn. Ct. App. Feb. 5, 1999). Mr. Hedgepath informed the court that he had been discharged by his client. "[C]lients should not be forced to entrust their legal matters to an unwanted lawyer." *Lovin v. State*, 286 S.W.3d 275, 285 (Tenn. 2009). Generally, withdrawal from representation is mandatory when "the lawyer is discharged." Tenn. Sup. Ct. R. 8, Rule 1.16(a)(3). The attorney "must notify the court in which the matter is pending that he or she has been discharged and then must withdraw from the case unless the court orders otherwise." *Lovin*, 286 S.W.3d at 286 (citing Tenn. Sup. Ct. R. 8, Rule 1.16(c)). "A court should decline to permit the withdrawal of a retained lawyer who has been discharged by his or her client in only the most compelling circumstances." *Id.*

Wife challenges the court's factual finding that Mr. Hedgepath was discharged. But the evidence does not preponderate against the court's finding. Evidence preponderates against a finding of fact if the evidence "support[s] another finding of fact with greater convincing effect." *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). Mr. Hedgepath's sworn affidavit clearly states that Wife discharged him on December 3. Wife's ambiguous statements in her notice do not convince us otherwise.

6

We are also unimpressed by Wife's contention that she was somehow precluded from presenting her side of the story. Wife had notice of Mr. Hedgepath's motion and the trial date. But she chose not to appear. She cannot complain of an error of her own making. *See Waters v. Coker*, 229 S.W.3d 682, 689-90 (Tenn. 2007).

We conclude that the trial court did not err in allowing Mr. Hedgepath to withdraw. The court applied the appropriate legal principles. The decision was properly supported by the evidence in the record. And the decision to grant the motion was within the range of acceptable dispositions. *See Lee Med., Inc.*, 312 S.W.3d at 524.

## C. CONTINUANCE

Wife contends that the court should have postponed the trial to allow her to obtain new counsel. A trial court's decision to grant or deny a motion for continuance is also discretionary. *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997). We will not disturb the court's decision "unless the record clearly shows abuse of discretion and prejudice to the party seeking a continuance." *Id.*; *see Comm'r of Dep't of Transp. v. Hall*, 635 S.W.2d 110, 111 (Tenn. 1982) ("[I]n order to show an abuse of discretion, the plaintiff must show some prejudice or surprise which arises from the trial court's failure to grant the continuance.").

We cannot say the trial court abused its discretion in proceeding with the scheduled trial. Wife never moved for a continuance. She merely assumed the court would continue the trial after granting her attorney's motion. We find no basis for such an assumption under these circumstances.[1] This divorce case had been pending for well over two years, and the trial date had been scheduled for four months. Wife chose to fire her attorney on the eve of trial. She was directly responsible for her own predicament. *See In re Estate of Davis*, No. M2012-00559-COA-R3-CV, 2013 WL 5827640, at *5 (Tenn. Ct. App. Oct. 28, 2013) (finding no prejudice when "Mr. Davis created the problem he complains of by terminating his attorneys so close to the start of his trial"); *see also Holley v. Ortiz*, No. M2015-01432-COA-R3-CV, 2017 WL 729754, at *5-6

---

[1] Wife's reliance on the dissent in *Rhoads v. Kullman*, No. M2002-02716-COA-R3-CV, 2004 WL 626728, at *5 (Tenn. Ct. App. Mar. 29, 2004) (Koch, J., dissenting), is misplaced. The trial court in *Rhoads* allowed the mother's attorney to withdraw at the final hearing and proceeded with trial without the mother's participation. *Id.* at *1-2 (majority opinion). The mother later sought relief from the judgment on grounds of excusable neglect. *Id.* at *2. The majority affirmed the trial court's refusal to grant relief from the judgment because the mother knew her attorney was withdrawing, knew the date of the hearing, and failed to appear. *Id.* at *5. The dissent concluded that the mother could have reasonably believed that her presence was unnecessary because her attorney had assured her that the case would be continued and did not inform her that she should appear at trial. *Id.* (Koch, J., dissenting). That is not the case here.

(Tenn. Ct. App. Feb. 24, 2017) (finding no abuse of discretion when court granted attorney's motion to withdraw on day of trial and denied attorney's motion to continue trial to allow client to obtain new counsel).

## D. DUE PROCESS

We are similarly unpersuaded by Wife's due process argument. Due process of law is guaranteed by both the United States and Tennessee Constitutions. *See* U.S. Const. amend. XIV, § 1; Tenn. Const. art. I, § 8. "The overarching principle of procedural due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *In re Walwyn*, 531 S.W.3d 131, 138 (Tenn. 2017) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

As we have explained throughout this opinion, Wife had an opportunity to appear and be heard on December 5. She had ample notice of both the trial date and her attorney's motion to withdraw. Her voluntary choice not to appear is all that precluded her from being heard on the pretrial motions and the divorce issues. *See In re Elijah B.*, No. E2010-00387-COA-R3-PT, 2010 WL 5549229, at *6 (Tenn. Ct. App. Dec. 29, 2010) (finding no due process violation in the trial court's decision to proceed with the hearing in the absence of father when he knew of the hearing date but did not appear); *cf. In re A.P.*, No. M2017-00289-COA-R3-PT, 2019 WL 1422927, at *6-7 (Tenn. Ct. App. Mar. 29, 2019) (vacating order terminating mother's parental rights when mother had no notice of her attorney's intent to withdraw or of the trial date).

## E. ATTORNEY'S FEES AWARD

Wife's final issue concerns the trial court's decision to award Husband a portion of his attorney's fees. The trial court made the following findings with regard to the award of attorney's fees:

> The Court finds that there have been repeated issues relative to the Wife's complying with discovery during these proceedings. This Court has repeatedly ordered her to provide written discovery as late as its hearing of August 4, 2017.

> The Court awards the Husband a portion of his reasonable attorney fees in this cause. Counsel for the Husband has filed an affidavit of attorney's fees marked as Trial Exhibit #16. Based on the experience and expertise of Jacqueline B. Dixon, attorney for Husband, the Court finds her hourly rate of $350 per hour to be most reasonable. The Court finds that this litigation was unduly protracted primarily because the Wife resided out of state and because of discovery issues with the Wife. The Husband filed

8

repeated motions to compel discovery for which the Court reserved fees to the final hearing. The Court finds those fees incurred by Husband related to discovery total $4,500. The Court finds the Husband is entitled to additional reasonable attorney's fees of $32,550 and one half of his discretionary costs of $1,366, for a total award of fees and costs against the Defendant Wife Rachel Lea Zamata Odom in the amount of $38,416.

We review the trial court's award for an abuse of discretion. *See Gonsewski v. Gonsewski*, 350 S.W.3d 99, 113 (Tenn. 2011); *Kirk v. Kirk*, 447 S.W.3d 861, 876 (Tenn. Ct. App. 2013). As an initial matter, we must determine the basis for the court's award of attorney's fees. Parties generally cannot recover their attorney's fees unless there is a statutory or contractual basis for an award of attorney's fees. *See Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005) (citing *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000)). The basis for the award is critical to our ability to determine "whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision." *Lee Med., Inc.*, 312 S.W.3d at 524.

Here, the court awarded $4,500 in "fees incurred by Husband related to discovery." A trial court in a divorce action may award attorney's fees as a monetary sanction for discovery abuse when requested by one of the parties. *Berg v. Berg*, No. M2013-00211-COA-R3-CV, 2014 WL 2931954, at *13-15 (Tenn. Ct. App. June 25, 2014). "The authority to impose sanctions for abuse of the discovery process derives from the rules and the court's inherent powers." *Mansfield v. Mansfield*, No. 01A019412CH0058, 1995 WL 643329, at *5 (Tenn. Ct. App. Nov. 3, 1995); *see also* Tenn. R. Civ. P. 37.01(4), 37.02. Tennessee Rule of Civil Procedure 37.02 directs the court to order a party who disobeys a discovery order to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Tenn. R. Civ. P. 37.02. Monetary sanctions for discovery abuse should be directly related to the abuse and not be excessive. *Mansfield*, 1995 WL 643329, at *6.

We find no abuse of discretion in this award. Wife repeatedly disobeyed the court's discovery orders. And Husband moved for sanctions multiple times. The amount awarded is not excessive and is directly related to the abuse. *See id.*

The basis for the award of "additional reasonable attorney's fees of $32,550" is not expressly stated in the court's order. We construe court orders "[l]ike other written instruments, . . . according to their plain meaning." *Morgan Keegan & Co., Inc. v. Smythe*, 401 S.W.3d 595, 608 (Tenn. 2013). When an order is ambiguous, we construe it "with reference to the issues it was meant to decide" and consider "the pleadings, motions, issues before the court, and arguments of counsel" to determine its meaning. *Id.* In Husband's pretrial brief, he requested attorney's fees both as a discovery sanction and as alimony in solido. So we interpret the court's additional award as an award of

9

attorney's fees as alimony in solido. *See Gonsewski*, 350 S.W.3d at 113 ("It is well-settled that an award of attorney's fees in a divorce case constitutes alimony in solido.").

Alimony decisions require a careful balancing of the relevant statutory factors. *See* Tenn. Code Ann. § 36-5-121(i) (2017); *Gonsewski*, 350 S.W.3d at 109-10. As our courts have made clear, the two most important considerations are need and ability to pay. *Riggs v. Riggs*, 250 S.W.3d 453, 457 (Tenn. Ct. App. 2007); *see Gonsewski*, 350 S.W.3d at 110. Our supreme court has held that "[a] spouse with adequate property and income is not entitled to an award of alimony to pay attorney's fees and expenses." *Gonsewski*, 350 S.W.3d at 113. So attorney's fees are properly awarded as alimony in solido when the requesting spouse "lacks sufficient funds to pay his or her own legal expenses," or "would be required to deplete his or her resources in order to pay them" and the other spouse has the ability to pay. *Id.*

We conclude that the additional award of attorney's fees as alimony in solido was unwarranted. The court made no finding relative to Husband's need. *See Riggs*, 250 S.W.3d at 457 (noting that "need is the threshold consideration"). Husband is gainfully employed as executive director of two medical organizations. He earns over $100,000 annually from his executive director positions. And he has additional income from his retirement and a real estate partnership. He was also awarded a disproportionate share of the marital estate including the cash balances of several bank accounts, the marital residence, and his retirement accounts and pension. The evidence in this record cannot support a finding that Husband lacked adequate resources or property to pay his own attorney's fees. *See Gonsewski*, 350 S.W.3d at 113 (finding award of alimony in solido unwarranted when "[t]he record contain[ed] nothing to suggest that Wife was unable to secure counsel, either at trial or on appeal, but for an award of attorney's fees."). He testified at trial that he had already paid his attorney $36,500.

F. FRIVOLOUS APPEAL

Husband asserts that this appeal is frivolous, entitling him to damages, including attorney's fees and expenses incurred on appeal. Under Tennessee Code Annotated § 27-1-122 (2017), an appellate court may award damages against an appellant if an appeal is frivolous or taken solely for delay. The statute authorizing an award of damages for frivolous appeals "must be interpreted and applied strictly so as not to discourage legitimate appeals." *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122).

A frivolous appeal is one "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or that has "no reasonable chance of success," *Davis*, 546 S.W.2d at 586. We do not find this appeal to be frivolous. So we deny Husband's request for attorney's fees and expenses incurred on appeal.

## III.

We affirm the denial of Wife's recusal motion and the grant of Mr. Hedgepath's motion to withdraw. We find no error in the trial court proceeding with the trial. Wife was not denied procedural due process. We reverse the trial court's award of $32,500 in attorney's fees as alimony in solido. In all other respects, including the court's award of $4,500 in attorney's fees based on Wife's failure to comply with discovery, we affirm the decision of the trial court.

_____
W. NEAL McBRAYER, JUDGE

11